GREENE, Chief Judge:
Before the Court is Mr. Henderson’s appeal of an August 30, 2004, decision of the Board of Veterans’ Appeals (Board) that denied entitlement to Department of Veterans Affairs (VA) special monthly compensation. Mr. Henderson’s Notice of Appeal (NOA) was received on January 12, 2005, more than 120 days after the Board decision was mailed. Consequently, he was ordered to show cause why his appeal should not be dismissed as untimely. Mr. Henderson requested that the time for filing his NOA to the Court be extended *218 because his VA service-connected disability prevented him from timely filing his appeal of the Board decision. Subsequently, Mr. Henderson was ordered to provide additional information, including medical or other evidence, to support a basis for equitable tolling as authorized under Barrett v. Principi, 863 F.3d 1316 (Fed.Cir.2004). In response, Mr. Henderson submitted a letter from his private psychiatrist describing the effects of his disability. After considering the evidence submitted, in a single-judge order the Court dismissed the appeal for lack of jurisdiction.
Mr. Henderson sought reconsideration of the dismissal and that request was granted. The matter was submitted to a panel for disposition. During the pen-dency of the appeal, the United States Supreme Court decided Bowles v. Russell, - U.S. -, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), which addressed whether filing an NOA is a jurisdictional requirement in Federal appellate courts, and thus, cannot be equitably tolled. In light of that decision, the Court ordered the parties to submit supplemental memoranda of law. Subsequent to those filings, Mr. Henderson submitted a Notice of Supplemental Authority pursuant to Rule 30(b) of the Court’s Rules of Practice and Procedure. The Secretary moved to strike Mr. Henderson’s Notice of Supplemental Authority on the grounds that it does not comply with Rule 30(b). The Secretary’s pending motion to strike portions of Mr. Henderson’s Notice of Supplemental Authority will be denied as moot.
Oral argument regarding this matter was held on November 16, 2007. Mr. Henderson argues that Bowles does not disturb the precedent established in Bailey v. West, in which the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that equitable tolling is available for NOAs filed at this Court. See 160 F.3d 1360 (Fed.Cir.1998). The Secretary maintains that Bowles has created a bright-line rule that equitable tolling can no longer excuse untimely NOAs in this Court. It is the question rising from these positions that the Court now considers.
In Bowles, Mr. Bowles petitioned a U.S. district court to permit him, under rule 4(a)(6) of the Federal Rules of Appellate Procedure, which are statutorily enacted rules, to file an appeal after the time prescribed by statute for such an appeal had expired. Rule 4(a)(6) permits a district judge to extend the time to file an appeal for a period of 14 days from the day the district court grants the motion. See 28 U.S.C. § 2107(c). In granting Mr. Bowles’s motion, the district court erroneously and inexplicably gave Mr. Bowles 17 days to file his appeal rather than the statutorily prescribed 14 days. Mr. Bowles filed his NOA 16 days later, one day earlier than prescribed by the district court, but two days after the 14-day period provided by statute had expired. The respondent in Bowles argued that the United States Court of Appeals for the Sixth Circuit lacked jurisdiction to hear Mr. Bowles’s appeal because it was filed beyond the 14-day period prescribed by statute. The Supreme Court agreed. Bowles, 127 S.Ct. at 2363 (“This Court has long held that the taking of an appeal within the prescribed time is ‘mandatory and jurisdictional.’ ” (citations omitted)). After considering and distinguishing several situations that do not qualify as jurisdictional time limits,[1] the Supreme Court held *219 unequivocally: “Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.” Id. at 2366. With this mandate, we review the statutes authorizing this Court to conduct its judicial appellate review.
First, just as Congress created appellate courts in each circuit as “a court of record, known as the United States Court of Appeals for the circuit” under Article III of the Constitution, 28 U.S.C. § 43(a), this Court was established under Article I as “a court of record to be known as the United Stated Court of Appeals for Veterans Claims,” 38 U.S.C. § 7251. Second, it is well settled that the proceedings of this Court are “civil actions.” See Scarborough, 541 U.S. at 413, 124 S.Ct. 1856 (applying Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), to this Court and specifically referring to underlying action as “civil action ”); see also Abbs v. Principi, 237 F.3d 1342, 1348 (Fed.Cir.2001) (civil actions against VA are brought in Court of Appeals for Veterans Claims). Third, this Court’s appellate jurisdiction derives exclusively from statutory grants of authority enacted by Congress and may not be extended beyond that permitted by law. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). The time to file an appeal in this Court is prescribed by statute, not by a Court rule. See 38 U.S.C. § 7266(a). To obtain appellate review in this Court, an NOA must be filed with the Court within 120 days after notice of the Board decision is mailed to an appellant. Id. The ultimate burden of establishing jurisdiction rests with the appellant. See McNutt v. G.M.A.C., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Bethea v. Derwinski, 2 Vet.App. 252 (1992).
In Bailey, 160 F.3d at 1365, the Federal Circuit held that the part of section 7266 governing this Court’s review authority was subject to equitable tolling under Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (once Congress has waived sovereign immunity, rule of equitable tolling is applicable in same way it would be in private suits). It did so on the basis that section 7266 was more like a statute of limitations in nature than a jurisdictional requirement and that the Supreme Court had not provided a distinction between the two. Bailey, 160 F.3d at 1364 (“[Irwin] does not distinguish among the various kinds of time limitations that may act as conditions to the waiver of sovereign immunity required to permit a cause of action to be pitched against the United States.”).
In Bowles, the Supreme Court provided the distinction between statutes of limitation and jurisdictional requirements not found in Irwin and held that in civil cases statutory time periods limiting the time for filing an NOA are jurisdictional in the strict sense and are not subject to equitable tolling. Bowles, 127 S.Ct. at 2365. The Bowles opinion emphasized that its reasoning was based on the statutory origin of the time limitation and thus made clear that time limits expressed in statutes for filing an appeal limit subject-matter jurisdiction. Id. Specifically, the Supreme Court held: “[T]he timely filing of [an NOA] in a civil case is a jurisdictional requirement,” and courts have “no authority to create equitable exceptions to jurisdictional requirements.” Id. at 2366.
*220 We recognize the beneficent foundation that, in part, led the Federal Circuit to apply equitable tolling to the 120-day judicial-appeal filing period for NOAs to this Court. See Bailey, 160 F.3d at 1365 (appellant’s reliance on VA employee’s statement that appeal would be processed was sufficient for equitable tolling of judicial-appeal period after VA employee failed to timely file appeal with Court). Later, the Federal Circuit further expanded equitable tolling of the time period established in section 7266(a) to situations including physical and mental illness that prevents a veteran from timely filing an NOA. See Arbas v. Nicholson, 403 F.3d 1379 (Fed.Cir.2005); Barrett, 363 F.3d 1316. However, Bowles establishes that the premise upon which the Federal Circuit in Bailey and its progeny applied Irwin to the time period established in section 7266(a) can no longer stand. According to Bowles, although a simple “claim-processing rule” may be waived or equitably tolled, 127 S.Ct. at 2364, “the taking of an appeal in a civil case within the time prescribed by statute is ‘mandatory and jurisdictional’,” id. at 2363 (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam)). This Court’s appellate review of Board decisions is distinguishable from the type of case considered in Irwin, where the petitioner who was seeking equitable tolling had filed against a Federal agency in a U.S. Federal district court, a complaint, not an NOA. See Irwin, 498 U.S. at 96, 111 S.Ct. 453 (statutes of limitations in actions against Government are subject to same rebuttable presumption of equitable tolling applicable to suits against private defendants). Congress has specifically authorized this Court to conduct, upon receipt of a statutorily required and timely filed NOA, independent judicial appellate review of a Federal agency decision. See 38 U.S.C. §§ 7252 (granting Court exclusive jurisdiction to review decisions of Board), 7261 (limiting scope of Court’s review), and 7266(a) (review of Board decision initiated by NOA); Frankel v. Derwinski, 1 Vet.App. 23, 25 (1990) (examining Court’s authority as appellate court); see also H.R.Rep. No. 100-963, at 4 (1988) (purpose of creating Veterans Court was to “establish an independent court” to review Board decisions). While Irwin applies to the equitable tolling of claims-processing rules, Bowles unequivocally provides the rule for the statutory appeal period governing judicial appeals to this Court.[2] See Bowles, 127 S.Ct. at 2363.
The same legislation that created this Court also contained provisions for the filing of administrative appeals within the Agency and explicitly permitted relief from prescribed appeal periods within the Agency. See, e.g., 38 U.S.C. § 7105(b), (c) (permitting Secretary to prescribe regulations to allow claim even if appeal period has expired), (d)(3) (stating that 60-day period prescribed for filing “formal appeal” with Board of Veterans’ Appeals *221 “may be extended for a reasonable period on request for good cause shown”). Contrasting these provisions with the clear and unqualified time limit prescribed in section 7266(a) for appeals to this Court, we can draw no other conclusion than that, for the civil cases arising from appeals to this Court, there are no equitable exceptions to the 120-day judicial appeal period established by section 7266(a). See Bowles, supra.
We also recognize that even after Bowles, because an appeal to this Court is the first opportunity for an appellant to have his claim considered by a judicial body that is independent of the executive agency deciding his claim, one might be tempted to analogize the period provided to file such an appeal to a statute of limitations. However, the clarity and forcefulness with which Bowles speaks regarding the jurisdictional importance of congressionally imposed periods of appeal, requires us to abandon any such effort. To answer the questions posed by the dissent, as then-Circuit Judge Scalia stated in National Black Media Coalition v. Federal Communications Commission, no matter how compelling the circumstances, if a court does not have jurisdiction, it cannot act on a matter. See 760 F.2d 1297, 1300 (D.C.Cir.1985).
Accordingly, Mr. Henderson’s untimely NOA must be dismissed for lack of jurisdiction. See Bowles, 127 S.Ct. at 2366 (“[W]hen an ‘appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.’ ” (quoting U.S. v. Curry, 47 U.S. 106, 113, 6 How. 106, 12 L.Ed. 363 (1848))). Additionally, the Secretary’s motion to strike portions of Mr. Henderson’s Notice of Supplemental Authority is denied as moot.
Upon consideration of the foregoing, Mr. Henderson’s appeal of the August 30, 2004, Board decision is DISMISSED.
GREENE, Chief Judge, filed the opinion of the Court.

. See, e.g., Arbaugh v. Y & H Corp., 546 U.S. 500, 505, 126 S.Ct 1235, 163 L.Ed.2d 1097 (2006) (holding that employee numerosity requirement was statutory limitation, not time limit); Scarborough v. Principi, 541 U.S. 401, 413, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004) (finding that court had plenary jurisdiction over matters ancillary to judgment of court, *219 including application for fees under Equal Access to Justice Act); Kontrick v. Ryan, 540 U.S. 443, 448, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (holding that failure to comply with Federal Rule of Bankruptcy procedure was not jurisdictional because such rules were not statutory, but were rules issued by court for orderly transaction of its business).

. Although the Supreme Court has recently stated in John R. Sand & Gravel v. U.S. that Irwin survives after the Bowles decision, it must also be read to bar any extension of Irwin to NOAs filed at this Court. See - U.S. -, 128 S.Ct. 750, 752, 169 L.Ed.2d 591 (2008) (anomaly created by Irwin and other cases merely reflects "a different judicial assumption about the comparative weight Congress would likely have attached to competing national interests”). Following the Supreme Court's guidance in John R. Sand & Gravel, the section 7266(a) 120-day period to file an NOA in this Court is properly classified as a jurisdiction conferring statute because it represents a limitation on a governmental waiver of sovereign immunity and is not designed to protect a defendant's "case specific interest in timeliness,” as is the case with a claims-processing rule or statute of limitations. Id. at 753.