# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1996

BOBBY R. JONES, APPELLANT,

V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Remand from the U.S. Court of Appeals for the Federal Circuit

(Decided     September 19, 2008   )

*Mark R. Lippman*, of La Jolla, California, was on the pleading for the appellant.

*Paul J. Hutter,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Thomas A. McLaughlin*, Special Assistant to the Assistant General Counsel; and *Gabrielle L. Clemons* (nonattorney practitioner), all of Washington, D.C., were on the pleading for the appellee.

Before KASOLD, HAGEL, and MOORMAN, *Judges*.

MOORMAN, *Judge*, filed the opinion of the Court.  KASOLD, *Judge*, filed a concurring opinion.

MOORMAN, *Judge*:  Before the Court is Bobby Jones's appeal of an August 8, 2002, decision of the Board of Veterans' Appeals (Board) denying entitlement to service connection for a nervous condition to include schizophrenia and depression.  The question presented is whether the Court has jurisdiction to consider this appeal.  On August 27, 2003, the appellant had filed a motion for Board reconsideration of its decision, which was denied on October 17, 2003.[1]  On November 10, 2003, the Court received the appellant's Notice of Appeal (NOA).  The appellant does not contest (1) that his August 27, 2003, motion for Board reconsideration was filed more than 120 days after the August 2002 Board decision was mailed to him; and (2) that his NOA was filed more than

---

[1] On February 6, 2004, the Deputy Vice Chairman of the Board issued a letter correcting the October 2003 denial of reconsideration, which had inadvertently referred to the Board's August 8, 2002, decision as being dated August 8, 2003.

120 days following the Board's August 2002 decision. *See* 38 U.S.C. § 7266(a) (providing that in order to obtain review by this Court, an appellant "shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed"). The appellant's contention is that he was prevented from timely filing his appeal as a result of his mental disorder, and that, therefore, the 120-day period for filing an appeal with the Court should be tolled. Appellant's Opposition to Motion to Dismiss filed March 29, 2004, at 1.

On November 19, 2004, the Court denied the appellant's motion for a limited remand to allow the Secretary to assist the appellant in his tolling claim and allowed the appellant the opportunity to submit further evidence to support equitable tolling on the ground of mental incapacity as authorized under *Barrett v. Principi*, 363 F.3d 1316 (Fed. Cir. 2004) (*Barrett I*). *Jones v. Principi*, 18 Vet.App. 500 (2004) (per curiam order). The appellant appealed this Court's order to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which then dismissed the appeal for lack of jurisdiction. *Jones v. Nicholson*, 431 F.3d 1353 (Fed. Cir. 2005). Upon remand to this Court, the appellant stated that he had nothing further to submit, and, on June 9, 2006, this Court dismissed the appeal for lack of jurisdiction based on the untimely filed NOA. *Jones v. Nicholson*, 20 Vet.App. 97 (2006) (per curiam order). The appellant appealed to the Federal Circuit.

While this appeal was pending before the Federal Circuit, the Federal Circuit decided *Barrett v. Nicholson*, 466 F.3d 1038 (Fed. Cir. 2006) (*Barrett II*), which addressed the obligations of VA in assisting an appellant with procuring evidence helpful in deciding the appellant's entitlement to equitable tolling. The Federal Circuit in the instant appeal then vacated this Court's judgment and remanded the matter for reconsideration in light of *Barrett II*. *Jones v. Nicholson*, No. 2006-7307, 2008 WL 1662637 (Fed. Cir. June 6, 2007). Accordingly, this appeal is now again before the Court for action.

Shortly after this case was remanded to this Court, the U.S. Supreme Court decided *Bowles v. Russell*, 127 S. Ct. 2360 (2007), which held that in civil cases statutory time limits for filing an NOA are jurisdictional in the strict sense and are not subject to equitable tolling. Our Court recently considered the impact of *Bowles* on our jurisprudence and held that "for the civil cases arising from appeals to this Court, there are no equitable exceptions to the 120-day judicial appeal period established by [38 U.S.C. §] 7266(a)." *Henderson v. Peake*, 22 Vet.App. 217, 221 (2008). In so

2

holding, this Court first discussed the effect of *Bowles* on *Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998), which had held that equitable tolling is available for NOAs filed at this Court. The Court noted that *Bowles* provided the distinction between statutes of limitation and jurisdictional requirements not found in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), and concluded that "the premise upon which the Federal Circuit in *Bailey* and its progeny applied *Irwin* to the time period established in section 7266(a) can no longer stand." *Henderson*, 22 Vet. App. at 220. Because the Court had received Mr. Henderson's NOA more than 120 days after the Board decision was mailed, the Court, pursuant to *Bowles*, dismissed the untimely NOA for lack of jurisdiction. *Id.* at 221. Because of the jurisdictional nature of the time limit for filing an NOA, the Court could not consider Mr. Henderson's contention that his service-connected disability prevented him from timely filing his appeal of the Board decision.

Based on binding Supreme Court precedent in *Bowles* and this Court's interpretation and application of *Bowles* in *Henderson*, the legal landscape for deciding the instant case has changed since the Federal Circuit's remand in June 2007. Applying *Henderson* to the facts now before the Court, the Court must dismiss the appeal for lack of jurisdiction. To obtain appellate review in this Court, an NOA must be filed with the Court within 120 days after notice of the final Board decision is mailed to an appellant. *See Henderson*, 22 Vet.App. at 219. It is well settled that a request for Board reconsideration that is filed within 120 days after the mailing date of the underlying final Board decision abates the finality of that decision, permitting an appeal from that decision within 120 days of the decision on the request for reconsideration. *See Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991); *see also Fagre v. Peake*, 22 Vet.App. 188, 190 (2008). *Rosler* established a two-prong test: An appeal to the Court is timely if the appellant (1) files a motion for Board reconsideration within 120 days after the mailing date of the underlying final Board decision and then (2) files an NOA within 120 days after the Board Chairman has mailed notice of the denial of the reconsideration motion. *Rosler, supra*; *see Linville v. West*, 165 F.3d 1382 (Fed. Cir. 1999) (applying *Rosler*, *supra*, and holding that the finality of the Board decision was abated by the motion for reconsideration that was postmarked within 120 days of the Board's final decision and that the running of the appeal period begins anew when the Board disposes of the motion).

3

In the instant case, the appellant did not file, within 120 days of the mailing of the August 8, 2002, Board decision, either his request for reconsideration of the Board's August 8, 2002, decision or an NOA to this Court. The appellant argues that his mental disorder prevented him from timely filing his appeal. The Court, however, is precluded from extending its jurisdiction over this appeal based on equitable tolling principles. As the Court held in *Henderson*, "there are no equitable exceptions to the 120-day judicial appeal period established by section 7266(a)." *Henderson*, 22 Vet.App. at 221. Although *Henderson* did not involve a motion for Board reconsideration or the question of whether equitable tolling may apply to the time limit for filing a motion for reconsideration, the Court concludes that the holding in *Henderson* extends to the 120-day period for timely filing a motion for reconsideration for the purpose of determining this Court's jurisdiction over an appeal. VA regulations provide that a motion for reconsideration may be filed "at any time," 38 C.F.R. § 20.1001(b); however, in order to abate the finality of a Board decision and meet the statutory 120-day appeal requirements of section 7266(a), a claimant must file a motion for reconsideration within 120 days from the date of the mailing of the final Board decision. *See Linville*, 165 F.3d at 1386. The filing of a motion for Board reconsideration outside of the 120-day period, which begins with the mailing of the final Board decision, would have the effect of extending the statutory 120-day period for filing an appeal of the Board decision. This would "have the effect of aggrandizing this Court's jurisdiction beyond its statutorily prescribed boundaries by essentially eliminating the 120-day period for appealing a Board decision to this Court." *Harms v. Nicholson*, 20 Vet.App. 238, 245 (2006) (en banc) (dismissing appeal for lack of jurisdiction where appellant filed a motion to vacate well beyond 120 days after the date stamped on the Board decision), *aff'd*, 489 F.3d 1377 (Fed. Cir. 2007).

The Court concludes that, for purposes of determining the timeliness for filing appeals and the exercise of our jurisdiction, the application of equitable tolling principles to the 120-day period for filing a motion for reconsideration would render meaningless the 120-day statutory period prescribed by Congress in 38 U.S.C. § 7266(a) for filing appeals here. Consequently, the Court is precluded from considering the merits of the appellant's contention that he was prevented from timely filing his appeal as a result of his mental disorder. Accordingly, the Court will dismiss the untimely NOA for lack of jurisdiction.

4

Upon consideration of the foregoing, the Secretary's motion to dismiss is granted and this appeal is DISMISSED for lack of jurisdiction.

KASOLD, *Judge*, concurring:  I agree with the majority's determination that the appellant's equitable tolling claim is foreclosed by *Bowles v. Russell*, 127 S. Ct. 2360 (2007)*, and *Henderson v. Peake*, 22 Vet.App. 217, 221 (2008).  I write separately to note that even in the absence of these intervening decisions we would not have jurisdiction over this appeal because Mr. Jones has not demonstrated that his mental disorder prevented him from timely filing it, and I do not believe that the Secretary has the duty – or that we have the authority to compel the Secretary – to provide a new medical examination or otherwise create or secure information not under his control to help Mr. Jones establish this fact, as suggested in *Barrett v. Nicholson*, 466 F.3d 1038, 1044 (Fed. Cir. 2006).

I fully concur with the holding in *Barrett* that when jurisdiction is in question this Court has the authority to "compel the government to produce evidence uniquely within its knowledge and provenance relevant to clarifying jurisdictional issues." *Id*. at 1045.  Thus, in *Sthele v. Principi*, 19 Vet.App. 11, 13 (2004), this Court ordered the Secretary to provide a detailed description of how the Board mails its decision, because the date of mailing started the 120-day period in which an appeal must be filed to be timely.  *See* 38 U.S.C. § 7266.

However, directing the Secretary to procure and provide information about internal VA practices that affect the beginning of the judicial appeal period is far different from directing the Secretary to provide a medical examination to an appellant, or to create or obtain evidence not under his control, to establish whether a mental disorder prevented an appellant from filing a timely NOA.  Inter alia, the former involves establishing facts that occurred while the matter was under the Secretary's control.  In contrast, the latter involves the creation or verification of facts that occur wholly outside of the Secretary's control; i.e., mental capacity of an appellant during the 120-period subsequent to a Board decision, and its effect on an appellant's ability to file an appeal.

None of the authority cited in *Barrett* supports the novel proposition that we have authority to compel the Secretary to provide a jurisdiction-supporting medical examination, or to create or obtain information outside his control.  Indeed, the actions taken by this Court in furtherance of a determination that it has, or does not have, jurisdiction, as laid out in *Barrett*, all relate to additional briefing, hearings, or the submission of evidence within a party's control.  *Id*. at 1043 n.2.

6

In an adversarial system, the ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178 (1936); *see also Bobbitt v. Principi*, 17 Vet.App. 547, 552 (2004) (per curiam) (filing an appeal with the Court "is the first step in an adversarial process challenging the Secretary's decision on benefits" and is separate and distinct from the VA administrative process); *Sims v. Apfel*, 530 U.S. 103, 110 (2000) (noting that "there are wide differences between administrative agencies and courts."). To the extent the Federal Circuit reads our cases for the proposition that this burden differs before our Court or that we have authority to compel the Secretary to provide a jurisdiction-supporting medical examination, or create or obtain information outside his control, I respectfully disagree.