Citation Nr: 1008502 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-23 046 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, 
Wisconsin


THE ISSUE

Whether the request for waiver of recovery of overpayment of 
nonservice-connected disability pension benefits in the 
original calculated amount of $696.00, was timely. 


REPRESENTATION

Appellant represented by: Wisconsin Department of 
Veterans Affairs


ATTORNEY FOR THE BOARD

M. Tenner, Counsel


INTRODUCTION

The Veteran served on active duty from March 1942 to May 
1943. He died in September 1964. The appellant is the 
Veteran's son and has been afforded "helpless child" status 
with respect to the receipt of nonservice-connected pension 
benefits since 1977. 

This case comes before the Board of Veterans' Appeals (Board) 
on appeal from an August 2007 decision rendered by the 
Committee on Waivers and Compromise at the Debt Management 
Center of the Department of Veterans Affairs (VA) in Fort 
Snelling, Minnesota. In that decision, the Committee 
determined that a request for waiver of recovery of 
overpayment of nonservice-connected disability pension 
benefits in the original calculated amount of $696.00 was 
untimely. The appellant filed a Notice of Disagreement with 
that determination. In November 2007, the Milwaukee VA 
Pension Center issued a Statement of the Case, summarizing 
the law and evidence used by VA to make the decision. In 
August 2009, the appellant filed a Substantive Appeal, 
accompanied by a request for a hearing before a Member of the 
Board. 

A hearing before the Travel Section of the Board was 
scheduled in November 2009. The appellant failed to report 
as scheduled. 


FINDINGS OF FACT

1. In October 2003, VA sent a letter to the appellant, care 
of his fiduciary, advising him that his nonservice-connected 
pension benefits were terminated effective July 1, 2002, and 
that an overpayment would be created. 

2. In September 2007, the appellant filed a statement in 
which he requested to appeal the decision disallowing the 
waiver of the $696.00 overpayment. 


CONCLUSION OF LAW

The request for waiver of recovery of overpayment of VA 
nonservice-connected disability pension benefits in the 
original calculated amount of $696.00 was not timely filed. 
38 U.S.C.A. § 5302 (West 2002); 38 C.F.R. § 1.963 (b)(2) 
(2009).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Preliminary Matters -VA's Duties to Notify and Assist

When VA receives a complete or substantially complete 
application for benefits, it is required to notify the 
claimant and his representative, if any, of any information 
and medical or lay evidence that is necessary to substantiate 
the claims. See 38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. 
§ 3.159(b) (2009); Quartuccio v. Principi, 16 Vet. App. 183 
(2002). 

However, the notification procedures do not apply in waiver 
cases. Barger v. Principi, 16 Vet. App. 132, 138 (2002) 
(holding that the duties specified in 38 U.S.C.A. § 5103(a) 
are not applicable to requests for a waiver of overpayment). 
Chapter 53 of Title 38, United States Code (which governs 
waiver requests) contains its own notice provisions. As 
discussed herein, those notice provisions were satisfied. 

II. Background and Analysis

The appellant is one of two children of the deceased Veteran. 
By virtue of a November 1977 decision, VA declared him 
incompetent to manage his VA benefits and permanently 
incapable of self support. 

A January 2002 Field Examination report is of record. It 
notes that the appellant was verbal, able to hold a 
conversation, and managed all his funds independently. He 
appeared to be paying his bills and very good with numbers. 
He lived with his half-brother, I.D, the guardian of his VA 
benefits, in a two bedroom apartment. The field examiner 
recommended that the appellant be rated "competent." 

A VA examination was scheduled in March 2002. The appellant 
failed to report. 

In the absence of further medical evidence to evaluate the 
case, in April 2002, the RO continued the finding that the 
appellant was incompetent to manage his VA benefits. 

In February 2003, the Fiduciary Unit of the VA Regional 
Office in Milwaukee received a copy of the appellant's 
Certificate of Marriage, dated July 17, 2002. 

In March 2003, the Milwaukee VA Pension Center sent the 
appellant a notice, care of his fiduciary, advising him that 
because of his marriage, pension benefits would be terminated 
effective July 1, 2002. He was advised that the action would 
result in an overpayment. He was afforded a period of 60 
days to submit evidence or argument as to why the proposed 
action should not be implemented. 

There is no indication that the letter was sent to an 
improper address or that it was returned as undeliverable by 
the U. S. Postal Service. 

In an October 2003 letter, the Milwaukee Pension Center sent 
the appellant a notice, care of his fiduciary, advising him 
that his pension benefits were terminated effective July 1, 
2002, and that an overpayment would be created. He was 
advised of his right to appeal the decision, and advised that 
he had "one year from the date of this letter to appeal the 
decision. The enclosed VA Form 4107, "Notice of Procedural 
and Appellate Rights," explains your right to appeal. The 
letter was sent to the appellant's address of record, and was 
not returned by the Post Office as undeliverable. 

In March 2007, the Milwaukee Pension Center received notice 
from the appellant that he had recently divorced and was 
seeking reinstatement of his pension benefits. 

In September 2007, he filed a statement in which he requested 
to appeal the decision disallowing the waiver of the $696.00 
overpayment. 

In a statement received in May 2009, the appellant stated 
that he forgot to appeal the decision creating an overpayment 
of $696.00. He reported that he could not read or write very 
well and often did not understand many things that were sent 
to him. 

A request for waiver of indebtedness other than for loan 
guaranty shall only be considered if made within 180 days 
following the date of a notice of indebtedness to the debtor. 
38 U.S.C.A. § 5302(a) (West 2002); 38 C.F.R. § 1.963(b)(2) 
(2009).

The 180-day period may be extended if the individual 
requesting waiver demonstrates that, as a result of an error 
by either VA or postal authorities, or due to other 
circumstances beyond the debtor's control, that there was a 
delay in receipt of the notification of indebtedness beyond 
the time customarily required for mailing. 38 C.F.R. § 
1.963(b)(2). If the delay in the receipt of the notice of 
indebtedness is substantiated, the 180-day period is computed 
from the date of the requester's actual receipt of the notice 
of indebtedness. Id.

In substance, the appellant argues that he was precluded from 
filing a timely request for waiver of recovery of an 
overpayment of VA pension benefits because his mental 
disability caused either forgetfulness or an inability to 
understand the appeals notice as provided by VA. Having 
carefully considered the claim in light of the record and the 
applicable law, the Board finds, however, that the 
preponderance of the evidence is against the claim. 

First, there is no allegation that there was a delay in the 
receipt of the VA notice caused by VA or due to some other 
mailing error. Rather, the Veteran indicated that he 
received his appeals right but forgot to return the form. 
Forgetfulness is not an exception to the rule that the 
individual request waiver within 180 days. 

Similarly, the Board has considered whether the 180 day time 
period should be extended for other reasons. First, in the 
October 2003 letter from VA did not mention the 180 day 
period but instead mentioned a one year period to appeal the 
decision. Since the appellant was afforded substantially 
more time to file his appeal than was required by regulation, 
the Board does not find that he was prejudiced by the lack of 
notice of the 180 day period to provide notice under 38 
C.F.R. § 1.963. 

In addition, the Board has considered whether equitable 
tolling is permissible given the fact that the appellant has 
a mental disability and has been deemed incompetent for 
purposes of receipt of VA benefits. Equitable tolling is not 
permissible when a filing requirement to a court is 
jurisdictional. Henderson v. Peake, 22 Vet. App. 217 (2008). 
Here, the filing requirement was not a jurisdictional 
prerequisite of the Court's. Nevertheless, the statute and 
the implementing regulation are clear on their face and do 
not contain an exception to the filing deadline based on a 
claim of mental incapacity. 

Even assuming equitable tolling is permissible under the 
statute, there remains no credible evidence, other than the 
finding of incompetency, that the appellant's mental 
disability precluded him from understanding the VA letter or 
impeding his ability to note his disagreement within the 
applicable time period. Merely establishing a mental 
disability is not enough, in the Board's opinion, to excuse 
the delay in the request for waiver of the overpayment. 

Accordingly, for these reasons, the preponderance of the 
evidence is against the claim and the claim must be denied. 


ORDER

The appellant's request for a waiver of recovery of an 
overpayment of nonservice-connected pension benefits in the 
amount of $696.00 was not timely; the appeal is denied.



____________________________________________
ROBERT E. SULLIVAN
Veterans Law Judge, Board of Veterans' Appeals




 Department of Veterans Affairs