HAGEL, Judge:
David J. Harms, through counsel, appeals an October 30, 2003, action by Joaquin Aguayo Pereles, a Deputy Vice Chairman of the Board of Veterans’ Appeals (Board), that denied Mr. Harms’s motion to vacate a June 13, 2002, Board decision in which the Board had denied his claim to reopen a previously and finally disallowed claim for service connection for post-traumatic stress disorder.[1] Mr. Harms had filed with the Chairman of the Board that motion to vacate on May 9, 2003, more than 120 days after the date stamped on the June 2002 Board decision. We now hold that, for purposes of determining the timeliness for filing appeals and the exercise of our jurisdiction, there is no difference between a motion to vacate and a motion for Board reconsideration.[2] To hold otherwise would render meaningless *241 the 120-day statutory period prescribed in 38 U.S.C. § 7266(a) for filing appeals here. Because Mr. Harms filed his motion to vacate well beyond 120 days after the date stamped on the June 2002 Board decision, we lack jurisdiction to consider this matter and will therefore dismiss the appeal.
I. BACKGROUND
On November 25, 2003, Mr. Harms filed with the Court a Notice of Appeal as to a final Board decision “dated October 30, 2003[,] and June 13, 2002.” Thereafter, as is required by Rule 4(c) of the Court’s Rules of Practice and Procedure, and in response to a Court order, the Secretary provided the Court a copy of the June 13, 2002, Board decision denying Mr. Harms’s claim and a copy of an October 30, 2003, letter from Deputy Vice Chairman of the Board Joaquin Aguayo Pereles denying Mr. Harms’s motion to vacate the June 2002 Board decision.
On January 28, 2004, the Court ordered Mr. Harms to show cause why his November 25, 2003, appeal should not be dismissed for lack of jurisdiction. Mr. Harms replied that, pursuant to 38 C.F.R. § 20.904 (2005), the denial of a motion to vacate is a final Board decision, not a denial of reconsideration by the Board Chairman pursuant to 38 C.F.R. § 20.1000 (2005). In this regard, he also argues that the Court’s decision in Browne v. Principi, 16 Vet.App. 278 (2002), does not apply because, although the Court held that “there is no practical distinction ... between a motion to vacate under 38 C.F.R. § 20.904(a) and a motion for reconsideration under 38 C.F.R. § 20.1000,” it did so in the context of determining the timeliness of a Notice of Appeal and not whether a decision on a motion to vacate is a final Board decision. Response at 2. He contends that because that denial was a final decision of the Board, he is entitled to review by this Court pursuant to 38 U.S.C. §§ 7252 and 7266. Id. at 4-5.
The Secretary filed a reply in which he argues that a motion to vacate, like a motion for reconsideration, is a postdeci-sional challenge to a Board decision that does not address the merits of an underlying claim regarding the provision of benefits, and, consequently, that such a decision is not a final Board decision that is appeal-able to this Court. He also argues, relying on the U.S. Supreme Court’s decision in I.C.C. v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 280, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987), that the denial of the vacatur motion is not reviewable because it would negate the statutory requirement that a Notice of Appeal be filed with the Court within 120 days of the underlying Board decision. In addition, the Secretary contends that, under Browne, the motion to vacate was the equivalent of a motion for reconsideration and that, because the motion to vacate in this case was filed beyond the judicial appeal period, the tolling principles recognized in Browne do not apply.
On August 4, 2004, the Court invited any interested amicus curiae to file a response addressing whether (1) a decision denying a motion to vacate a Board decision constitutes a final Board decision subject to this Court’s jurisdiction and (2) a Deputy Vice Chairman of the Board has the authority to act on a motion to vacate a Board decision. On September 20, 2004, the National Organization of Veterans Advocates, Inc., and the National Veterans Legal Ser *242 vices Program responded as amici curiae in support of Mr. Harms. Oral argument was held on December 6, 2004.
II. ANALYSIS
A. Jurisdiction

1. Legal Principles

This Court’s review is limited to “final decision[s] of the Board of Veterans’ Appeals.” 38 U.S.C. § 7266(a); see 38 U.S.C. § 7252(a); Bond v. Derwinski, 2 Vet.App. 376 (1992) (per curiam order). An appeal to this Court is commenced by the filing of a Notice of Appeal, which must be filed within 120 days after the date on which notice of the Board decision was mailed. 38 U.S.C. § 7266(a). In cases where a motion for reconsideration has been filed with the Board, an appeal is timely if the appellant (1) files a motion for Board reconsideration within 120 days after the mailing date of the underlying final Board decision and then (2) files a Notice of Appeal within 120 days after the Board Chairman has mailed notice of the denial of the reconsideration motion. See Rosier v. Derwinski, 1 Vet.App. 241, 249 (1991).

2. A Motion to Vacate is Equivalent to a Motion for Reconsideration for the Purpose of Determining the Timeliness for Filing Appeals and the Exercise of Our Jurisdiction.

The right of an appellant to file with the Board a motion to vacate a Board decision, unlike the right of an appellant to file with the Board a motion for Board reconsideration or a request for revision of a prior decision of the Board based on clear and unmistakable error, is not provided for expressly by statute. See 38 U.S.C. § 7103(a) (“The decision of the Board ... is final unless the Chairman orders reconsideration of the decision. Such an order may be made ... upon motion of the claimant.”); 38 U.S.C. § 7111(d) (providing that “[a] request for revision of decision of the Board based on clear and unmistakable error may be made at any time after that decision is made”). Instead, § 20.904 of title 38, Code of Federal Regulations, which the Secretary asserts was promulgated pursuant to his authority under 38 U.S.C. §§ 7104(a) and 7103(c)[3], provides as follows:
An appellate decision may be vacated by the Board ... at any time upon request of the appellant or his or her representative, or on the Board’s own motion, on the following grounds:
(a) Denial of due process. Examples of circumstances in which denial of due process of law will be conceded are:
(1) When the appellant was denied his or her right to representation through action or inaction by [VA] or Board ... personnel,
(2) When a Statement of the Case or required Supplemental Statement of the Case was not provided, and
*243 (3) When there was a prejudicial failure to afford the appellant a personal hearing. (Where there was a failure to honor a request for a hearing and a hearing is subsequently scheduled, but the appellant fails to appear, the decision will not be vacated.)
(b) Allowance of benefits based on false or fraudulent evidence. Where it is determined on reconsideration that an allowance of benefits by the Board has been materially influenced by false or fraudulent evidence submitted by or on behalf of the appellant, the prior decision will be vacated only with respect to the issue or issues to which, within the judgment of the Board, the false or fraudulent evidence was material.
38 C.F.R. § 20.904.
In Browne, we held that “for the purposes of determining the timeliness of a [Notice of Appeal], a motion to vacate is the equivalent of a motion for reconsideration.” 16 Vet.App. at 282-83. We reasoned that “although the regulations distinguish between vacatur and reconsideration of Board decisions, they do so only with respect to identifying what constitutes a successful petition for either” and that “as to outcome, a successful request for vacatur would result in nullification of the previous Board decision, as would a successful motion for reconsideration.” Id. at 282. Although Mr. Harms appears correct in his assertion that the Court in Browne did not address whether a decision on a motion to vacate is a final Board decision over which we could ever exercise jurisdiction, we agree with the logic underlying the Browne decision and will therefore treat motions for Board vacatur and reconsideration as equivalent for the purpose of determining the timeliness for filing appeals and the exercise of our jurisdiction.
In addition, we note that the act of granting a motion to vacate on one or more of the grounds listed in § 20.904, like the act of granting a motion for Board reconsideration, nullifies the previous Board decision and does not itself constitute a new Board decision on the merits of the underlying claim.[4] See Browne, 16 Vet.App. at 282. Moreover, as we will explain below, there are prudential reasons for so holding
3. Rosier and Locomotive Engineers
In addition to our conclusion that a decision on a motion to vacate is, for the purpose of determining the timeliness for filing appeals and the exercise of our jurisdiction, equivalent to a decision on a motion for reconsideration, we note that, as was the case in Locomotive Engineers, supra, exercising jurisdiction over the denial of a motion to vacate “would serve only the peculiar purpose of extending indefinitely the time within which seriously mistaken agency orders can be judicially overturned.” Locomotive Eng’rs, 482 U.S. at 280, 107 S.Ct. 2360. In other words, to exercise our jurisdiction over such decisions would render meaningless the 120-day statutory period for filing appeals with the Court.
In Locomotive Engineers, the Supreme Court held that a petition for review of a “final order” of the Interstate Commerce Commission (ICC) denying a petition for reconsideration had to be dismissed for lack of jurisdiction because, although the petition for review was timely filed as to the agency order denying reconsideration, the agency order had decided a petition for reconsideration that was based on an alle *244 gation of “material error” in an original, underlying agency order, and that allowing review would nullify the statutory 60-day period for filing a petition for review in the circuit court as to the underlying agency order. Locomotive Eng’rs, 482 U.S. at 277-80, 107 S.Ct. 2860. In Rosier, this Court observed that “the ICC appeal-limitation-period and reconsideration provisions involved in Locomotive Engineers are not substantively distinguishable from the comparable title 38 provisions.” Rosier, 1 Vet.App. at 245. It was on that basis that the Court formulated the two-pronged Rosier test for determining the timeliness of a Notice of Appeal in cases where a motion for reconsideration has been filed with the Board — an appeal to the Court is timely if the appellant (1) files a motion for Board reconsideration within 120 days after the mailing date of the underlying final Board decision and then (2) files a Notice of Appeal within 120 days after the Board Chairman has mailed notice of the denial of the reconsideration motion. See Rosier, 1 Vet.App. at 249.
Here, Mr. Harms filed his motion to vacate beyond the 120-day statutory period provided for filing an appeal with the Court but timely filed a Notice of Appeal here as to the decision denying vacatur. Thus, he has failed to satisfy the first Rosier prong. As a consequence, and because we view motions for Board reconsideration and vacatur as the same for the purpose of determining the timeliness for filing appeals and the exercise of our jurisdiction, we lack jurisdiction over the underlying Board decision and the decision in which his subsequent motion to vacate was denied.
In this case, if the motion to vacate had been filed within the 120-day judicial appeal period following the June 2002 Board decision, the underlying Board decision would be renewable by this Court for the same reasons that our caselaw provides that where a motion for reconsideration is filed within the 120-day judicial appeal period, the Court has jurisdiction over the underlying Board decision. See Rosier, 1 Vet.App. at 249; cf. Mayer v. Brown, 37 F.3d 618, 619-20 (Fed.Cir.1994). In keeping with the foregoing discussion, we see no reason to treat differently the denial of Board reconsideration and the denial of a motion to vacate a Board decision if either motion is filed within the 120-day period.
The Supreme Court’s decision in Locomotive Engineers was premised in part on “the traditional rule of administrative law that an agency’s refusal to reopen a closed case is generally ‘committed to agency discretion by law1 and therefore exempt from judicial review.” Your Home Visiting Nurse Servs., Inc. v. Shalala, 525 U.S. 449, 455, 119 S.Ct. 930, 142 L.Ed.2d 919 (1999) (citation omitted). The fact that the Secretary of Veterans Affairs has promulgated a permissively worded regulation that, in addition to reconsideration and clear and unmistakable error, creates an alternative avenue for an appellant to request that the Board take another look at one of its decisions may well be commendable, especially considering the nonadversarial nature of the veterans benefits system.[5] But see Cook v. Principi, 318 F.3d 1334, 1339 (Fed.Cir.2002) (noting that the statutory scheme provides for only two exceptions to the rule of finality — claims to reopen under 38 U.S.C. § 5108 and motions *245 to revise based upon clear and unmistakable error under 38 U.S.C. § § 5109A and 7111(a)). However, we simply cannot permit a VA regulation to have the effect of aggrandizing this Court’s jurisdiction beyond its statutorily prescribed boundaries by essentially eliminating the 120-day period for appealing a Board decision to this Court.
Finally, we note that in Taylor v. Principi, Vet.App. 148 (2003), this Court, in a short order and without any discussion regarding its jurisdiction to entertain the matter, affirmed a Board decision in which the Board had denied a construed motion to vacate. Although the Court in Taylor appears to have assumed that it possessed jurisdiction to consider the Board’s decision denying the construed motion to vacate, because the Court offered no explanation for that action, we are unfettered by such an assumption and decline to accept it as binding precedent.[6] See United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 38, 73 S.Ct. 67, 97 L.Ed. 54 (1952) (holding that an issue not “raised in briefs or argument nor discussed in the opinion of the Court” cannot be taken as “a binding precedent on this point”); Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925) (stating that “[questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not considered as having been so decided as to constitute precedents”); see also Edelman v. Jordan, 415 U.S. 651, 671, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (noting that a summary affir-manee lacks “the same precedential value as ... an opinion of th[e] Court treating the question on the merits”). Much on point is the following statement by the Supreme Court: “Even as to our own judicial power or jurisdiction, this Court has followed the lead of Chief Justice Marshall who held that this Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio.” L.A. Tucker Truck Lines, Inc., 344 U.S. at 38, 73 S.Ct. 67.[7]
III. CONCLUSION
On consideration of the foregoing, the appeal is DISMISSED.
HAGEL, Judge, filed the opinion of the Court. KASOLD and SCHOELEN, Judges, filed dissenting opinions.

. Although it is of little consequence in light of our ultimate conclusion in this case, we note that it is unclear whether Deputy Vice Chairman Pereles was acting in his capacity as a Board member rendering a Board decision or as Deputy Vice Chairman acting on the Chairman’s behalf. This lack of clarity arises from a number of facts in this case. First, Mr. Harms addressed his motion to vacate to the Board Chairman, not to the Board. Second, the October 2003 letter decision denying Mr. Harms's motion to vacate was signed by Joaquin Aguayo Pereles, who identified himself solely by the title of Deputy Vice Chairman. Although Deputy Vice Chairmen are members of the Board, 38 C.F.R. § 19.2 (2005), Mr. Pereles did not describe himself as a "Member of the Board.” In contrast, the June 13, 2002, Board decision was signed by a single Board Member, John L. Prichard, who described himself as an "Acting Member of the Board.” Third, the decision denying the motion to vacate was in a letter format similar to those in which motions for Board reconsideration are denied. However, unlike decisions in which motions for Board reconsideration are denied, here the decision denying the motion to vacate did not contain any notation that the decision was based on a delegation of authority to rule on the motion. For example, decisions by the Chairman denying motions for Board reconsideration can include a reference to 38 C.F.R. § 20.102(b) (2005), which states that the authority exercised by the Chairman of the Board regarding motions for reconsideration may also be exercised by the Vice Chairman and Deputy Vice Chairman. See 38 C.F.R. § 1001(c) (2005); see also Gates v. Nicholson, No. 03-1443, Record at 1331-32 (denial of a motion for Board reconsideration, signed by Deputy Vice Chairman Joaquin Aguayo Pereles, which noted a delegation of authority under 38 C.F.R. § 20.102(b)). In addition, the June 13, 2002, Board decision was in the form required for Board decisions pursuant to 38 U.S.C. § 7104(d)(1), which provides that "[e]ach decision of the Board shall include,” among other things, "a written statement of the Board’s findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record.” 38 U.S.C. § 7104(d). Finally, unlike the June 2002 Board decision, the October 2003 letter decision denying Mr. Harms's motion to vacate does not include a statement of appellate rights, as would be required o accompany notice of a Board decision were that letter decision a Board decision. See Thompson v. Brown, 8 Vet.App. 169, 175 (1995). Because 38 C.F.R. § 20.904 provides for vacatur of a Board decision "by the Board,” this lack of clarity regarding the Deputy Vice Chairman’s actions is disconcerting.

. Although we acknowledge, as the Court did in Browne v. Principi, 16 Vet.App. 278 (2002), that there may be factual distinctions that can *241 be drawn between vacatur under § 20.904 and reconsideration under § 20.1000, as explained in this opinion, any such distinctions make no difference on the issues of the timeliness for filing appeals and the exercise of our jurisdiction over decisions denying motions filed under either regulation.

. The regulation itself lists only section 7104(a) as its authorizing statute. In his pleadings before the Court in this case, the Secretary asserts that section 7103(c) provides authority for § 20.904.
Section 7104(a) provides as follows:
All questions in a matter which under section 511(a) of ... title [38] is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board. Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation.
38 U.S.C. § 7104(a).
Section 7103(c), title 38, U.S.Code, provides that "[t]he Board on its own motion may correct an obvious error in the record, without regard to whether there has been a motion or order for reconsideration.”

. Because the issue is not directly presented in this appeal, we do not address whether we would possess jurisdiction to review such a "new" decision.

. See 38 C.F.R. § 20.904(a) ("An appellate decision may be vacated by the Board ... at any time upon request of the appellant ... or on the Board's own motion....” 38 C.F.R. § 20.904(a) (emphasis added)); see also Lopez v. Davis, 531 U.S. 230, 241, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001) (noting, in the context of statutory construction, that the word "may” is permissive).

. We also note that the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), in Herndon v. Principi, 311 F.3d 1121 (Fed.Cir.2002), rejected an argument raised by the appellant for vacatur under 38 C.F.R. § 20.904. It is not clear in that case whether a motion to vacate was ever filed with the Board or, if so, when such a motion was filed and decided by the Board. In any event, what is clear is that the jurisdictional issue discussed in this case was not addressed by the Federal Circuit in Herndon.

. Moreover, because this case is before the full Court, we would not be bound by the decision in Taylor v. Principi, 17 Vet.App. 148 (2003), even if the Court had ruled on the jurisdictional issue in that case.