# United States Court of Appeals for the Federal Circuit

2007-7005


DAVID J. HARMS,

Claimant-Appellant,

v.


R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.



Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Michael J. Dierberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director. Of counsel on the brief was David J. Barrans, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.


Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

# United States Court of Appeals for the Federal Circuit

2007-7005

DAVID J. HARMS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  June 12, 2007
_____

Before NEWMAN, RADER, and GAJARSA, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims dismissed for lack of jurisdiction Mr. David J. Harms's appeal from a June 13, 2002 Board of Veterans Appeals ("Board") decision and the Board's October 13, 2003 denial of his motion to vacate that earlier decision.  Harms v. Nicholson, 20 Vet. App. 238 (2006) (*en banc*). Because the Court of Appeals for Veterans Claims properly determined that timeliness for motions for reconsideration and requests to vacate both invoke the 120-day statutory period in 38 U.S.C. § 7266(a) that defines the court's jurisdiction, this court affirms.

On June 13, 2002, the Board denied Mr. Harms claim for service connection for post-traumatic stress disorder on the merits after reopening a prior, final Board decision denying this claim. Appeal of Harms, No. 99-02 397, slip op. at *14 (B.V.A. June 13, 2002) ("Board Decision"). On May 9, 2003, almost a year (and more than 120 days) after the Board decision, Mr. Harms filed a motion to vacate that June 2002 decision under 38 C.F.R. § 20.904. In his motion to vacate, Mr. Harms alleged the June 2002 decision denied him due process and that the Board improperly required combat-related evidence. A Deputy Vice Chairman of the Board denied Mr. Harms's motion to vacate. Thereafter, Mr. Harms filed a notice of appeal to the Court of Appeals for Veterans Claims requesting review of both the Board's denial of his motion and the underlying Board decision as well.

On August 8, 2006, the Court of Appeals for Veterans Claims dismissed Mr. Harms's appeal for lack of jurisdiction. The Court of Appeals for Veterans Claims determined that a motion to vacate, like a motion to reconsider a Board decision, invokes the 120-day statutory limitation on appeals. Because the Court of Appeals for Veterans Claims lacks the power to hear appeals outside the 120-day statutory period regardless of the characterization as a motion for reconsideration or a request to vacate, the Court of Appeals for Veterans Claims properly applied the 120-day limitation and dismissed Mr. Harms's appeal for lack of jurisdiction. Mr. Harms now appeals the Court of Appeals for Veterans Claims August 8, 2006 decision. This court has jurisdiction under 38 U.S.C. § 7292.

II

The jurisdiction of the Court of Appeals for Veterans Claims over Mr. Harms's appeal involves issues of statutory and regulatory interpretation. See Ledford v. West, 136 F.3d 776, 778 (Fed. Cir. 1998). This Court reviews such jurisdictional determinations without deference. See Hensley v. West, 212 F.3d 1255, 1259 (Fed. Cir. 2000).

> This court has jurisdiction to review a challenge to the validity or interpretation of a statute or regulation relied upon by the Court of Appeals for Veterans Claims. See 38 U.S.C. § 7292. In so doing, [this court] review[s] independently and without deference the Court of Appeals for Veterans Claims's interpretations of statutory provisions and regulations. See 38 U.S.C. § 7292(a), (c). This court has the responsibility to decide all relevant questions of law. See 38 U.S.C. § 7292(d).

Id. at 1259.

Mr. Harms contends that the Court of Appeals for Veterans Claims misinterpreted its jurisdiction under 38 U.S.C. §§ 7252(a) and 7266(a) by mistakenly equating requests to vacate with motions for reconsideration. Due to this mistake, according to Mr. Harms, the Court of Appeals for Veterans Claims did not see its denial of the request to vacate as a final decision even though the request amounted to a "new ground" rejected by the Board. Thus, Mr. Harms contends that the decision to deny the request to vacate is a new final decision by the Board that restarts the 120-day clock for an appeal to the Court of Appeals for Veterans Claims.

Mr. Harms's contention is unpersuasive. Mr. Harms's contention incorrectly ties the 120-day statutory limitation period to the Board's denial of a request to vacate and not to the Board's final decision on the merits. While a motion for reconsideration is not exactly the same as a request to vacate, the act of granting either results in the

nullification of the previous Board decision. Neither of these actions comprises a new Board decision on the merits of the original claims. In effect, Mr. Harms seeks to avoid the statutory limitation on the appeal of a Board decision and open an avenue to perpetual review of Board decisions by suggesting that the Board's denial of a request to vacate starts anew the 120-day jurisdictional limit on appeals to the Court of Appeals for Veterans Claims. See Butler v. Derwinski, 960 F.2d 139, 141 (Fed. Cir. 1992).

The Court of Appeals for Veterans Claims examined the Supreme Court case of Interstate Commerce Commission v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 281 (1987), as support for its result. In Locomotive Engineers, the Supreme Court, in a case with factual similarities to this action, dismissed a petition to reconsider an Interstate Commerce Commission order. The reconsideration petition was itself timely, but had the effect of extending the review period beyond the statutory 60-day period for filing an appeal of the underlying agency order. The Supreme Court observed that permitting the reconsideration, though itself timely, "would serve only the peculiar purpose of extending indefinitely the time within which seriously mistaken agency orders can be judicially overturned." Locomotive Eng'rs, 482 U.S. at 280. The Supreme Court further noted that "the most plebeian statutory construction [would] . . . find implicit in the [time] limit upon judicial review a prohibition against the agency's permitting, or a litigant's achieving, perpetual availability of review." Id. at 281. As the Court of Appeals for Veterans Claims held, this case, like Locomotive Engineers, would "have the effect of aggrandizing [the Court of Appeals for Veterans Claims'] jurisdiction beyond its statutorily prescribed boundaries." Harms v. Nicholson, 20 Vet. App. 238, 245 (2006) (*en banc*).

In its decision, the Court of Appeals for Veterans Claims examined the statutes, regulations, and policies underlying this question. The Veterans Court then determined *en banc* that it must adhere to the 120-day statutory limitation period for appeals, regardless of the characterization as a request to vacate. Id. at 240-41 (2006) (holding that "for purposes of determining the timeliness for filing appeals and the exercise of [the Court of Appeals for Veterans Claims 's] jurisdiction, there is no difference between a motion to vacate and a motion for Board reconsideration. To hold otherwise would render meaningless the 120-day statutory period prescribed in 38 U.S.C. §7266(a) for filing appeals here.").

After reviewing carefully the decision of the Court of Appeals for Veterans Claims and acknowledging its expertise in the procedures involving its own jurisdiction, this court affirms. Accordingly, Mr. Harms did not timely file his November 25, 2003 appeal that sought review of both his request to vacate in 2003 and the underlying 2002 Board decision. Therefore, the Court of Appeals for Veterans Claims correctly dismissed Mr. Harms's appeal for lack of jurisdiction.

Each party shall bear its costs.

<u>AFFIRMED</u>