NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MATKO L. CHULLIN, III,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2016-2053

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-1967, Judge Margaret C. Bartley.

_____

Decided: December 13, 2016

_____

MATKO L. CHULLIN, III, Baltimore, MD, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before O'MALLEY, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

Matko L. Chullin seeks review of the March 3, 2016 decision of the Court of Appeals for Veterans Claims ("Veterans Court") denying Mr. Chullin's motion for extension of time to respond to the Secretary's motion to dismiss, and granting the Secretary's motion. *Chullin v. McDonald*, No.15-1967, 2016 WL 853121 (Vet. App. Mar. 3, 2016). For the foregoing reasons, we *affirm* the decision of the Veterans Court.

## BACKGROUND

Mr. Chullin served on active duty with the Marines from February 1965 to August 1968. On September 19, 1969, the regional office ("RO") assigned Mr. Chullin a 10 percent rating for anxiety reaction. In July 2005, Mr. Chullin filed a claim for an increased rating and, in July 2007, the RO assigned Mr. Chullin a 100 percent rating with an effective date of July 11, 2005. In January 2008, Mr. Chullin argued to the RO that he was entitled to his 100 percent rating from the date of his discharge. The RO denied his claim for an earlier effective date, and Mr. Chullin appealed to the Board of Veterans' Appeals (the "Board").

While testifying before the Veterans Law Judge ("VLJ"), both Mr. Chullin and the VLJ also raised the issue of clear and unmistakable error in his September 1969 evaluation. In July 2009, the Board awarded Mr. Chullin an earlier effective date by one year: July 11, 2004. The Board referred the issue of clear and unmistakable error to the RO for adjudication in the first instance. The RO denied that claim, and in February 2010, Mr. Chullin subsequently filed a Notice of Disagreement

requesting a hearing before a Decision Review Officer. That hearing was granted, scheduled for May 2010, and later rescheduled to June 2010 upon Mr. Chullin's request. Mr. Chullin did not, however, appear for that hearing. Mr. Chullin requested another hearing before a VLJ, which was granted and scheduled for September 2011. Mr. Chullin requested a postponement of that hearing, which was also granted, resulting in a new date in January 2012. Mr. Chullin requested a second postponement, which was denied for lack of good cause shown. Mr. Chullin failed to appear for the January 2012 hearing, and on April 16, 2014, the Board affirmed the RO's denial of the clear and unmistakable error claim.

In May 2014, Mr. Chullin filed a motion to vacate the Board's decision, alleging due process violations. Specifically, Mr. Chullin alleged that (1) he was not afforded the hearing he requested, (2) he had not been notified of the rescheduled hearing date, (3) he was denied the opportunity to submit additional evidence, (4) a specific VLJ (Vito Clementi) should have been assigned to hear his case, and (5) the Board should have reheard his case rather than sending it to the RO on rehearing. On August 12, 2014, the Board denied the motion, finding that Mr. Chullin had been afforded multiple opportunities for a hearing, had been notified of the rescheduled date, had multiple opportunities to submit new evidence, had no vested right to select a particular VLJ, and had properly been denied a request for Board rehearing.

On January 27, 2015, Mr. Chullin sent a letter to the Board requesting reconsideration of the Board's denial of his motion to vacate. The Board issued a decision on February 24, 2015, denying the request because it did not meet the formal requirements for a motion for reconsideration. Mr. Chullin resubmitted his letter as a motion for reconsideration on April 27, 2015, and on May 4, 2015, the Board denied the motion, finding that he had failed to

demonstrate that the Board's decision contained an obvious error of fact or law.

On May 19, 2015, Mr. Chullin filed a notice of appeal with the Veterans Court regarding the Board's August 2014 decision. The Secretary filed a motion to dismiss, arguing that Mr. Chullin's notice of appeal was untimely. Before deciding the Secretary's motion, the Veterans Court issued a stay to allow the Veterans Consortium Pro Bono Program to evaluate whether Mr. Chullin qualified for pro bono representation. On November 9, 2015, the Veterans Court lifted the stay and ordered Mr. Chullin to file a response to the Secretary's motion within 20 days.

On November 30, 2015, Mr. Chullin filed a motion for a 30-day extension to respond. On December 2, 2015, the Veterans Court granted Mr. Chullin's motion, providing an extension until December 30, 2015. On December 28, 2015, Mr. Chullin submitted another motion for a 30-day extension, claiming that he was involved in an October 20, 2015 car accident, which caused him to need additional time to respond. The Veterans Court granted Mr. Chullin's motion in part, ordering his response by January 15, 2016. On January 15, 2016, Mr. Chullin filed a third motion for an extension, including a September 2015 neuropsychological evaluation in which a neurologist stated that Mr. Chullin's focus and working memory were impaired. On February 2, 2016, the Veterans Court again granted in part Mr. Chullin's motion, ordering his response by February 16, 2016. On February 16, 2016, Mr. Chullin filed a fourth motion for an extension, submitting a doctor's letter stating that he may have memory and concentration issues due to "memory loss, PTSD, chronic pain, and a cervical disc problem." The doctor noted that these issues were present from August through December 2014.

On March 3, 2016, the Veterans Court denied Mr. Chullin's motion for a fourth extension of time to respond,

considered his January and February submissions as the extent of his response, and granted the Secretary's motion to dismiss. Mr. Chullin now appeals to this court.

## DISCUSSION

Our ability to review a decision of the Veterans Court is limited. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a) (2012). We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). Except to the extent that an appeal presents a constitutional issue, however, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

In his informal brief, Mr. Chullin first alleges that this case does involve the validity or interpretation of a statute or regulation. The only elaboration, however, that Mr. Chullin provides is: "[t]he Veterans Administration has been using [his] medical conditions against [him]." Appellant Br. at 1. He does not cite to a particular statute or regulation either interpreted or erroneously found valid by the Veterans Court in its decision, nor are we able to find any upon careful review; the Veterans Court's decision relies solely on applying the law as-is to the particular facts of his case.

Next, Mr. Chullin claims that the Veterans Court's decision presents a constitutional issue. Specifically, Mr. Chullin alleges that (1) the RO violated his due process rights by denying him "the opportunity to present [his] case," and (2) the Board violated his due process rights by

failing to "inform [him] of the date of his hearing." *Id.* Mr. Chullin is correct that his entitlement to veteran benefits "is a property interest protected by the Due Process Clause." *Cushman v. Shinseki,* 576 F.3d 1290, 1298 (Fed. Cir. 2009). But the record demonstrates that Mr. Chullin was offered the opportunity for a hearing before the RO—and a rescheduling that he requested. Mr. Chullin failed to appear, without having requested any further rescheduling. With respect to the Board, it is unclear how Mr. Chullin could be unaware of the date of his hearing, and yet prospectively know that he would be unable to attend and request that it be rescheduled each time. Mr. Chullin may be under the impression that there was an additional hearing before the Board, on or about April 16, 2014, of which he was not informed. *See* Appellant Br. at 11. But the record indicates no such additional hearing. For these reasons, Mr. Chullin's purported constitutional claims are rejected.

Finally, Mr. Chullin appears to argue that the Veterans Court erred in dismissing Mr. Chullin's appeal because it "failed to realize the extreme extent of [his] physical and mental disabilities and limitations as documented by [his] doctors." *Id.* at 1. To the extent Mr. Chullin is arguing that the Veterans Court should have granted his motion for additional time to respond due to his condition, that argument is unpersuasive. The Veterans Court granted the first three of such motions— totaling an additional 78 days—and only denied his fourth consecutive motion. Its decision to deny that motion was neither an abuse of discretion nor contrary to any rules of law or regulation; motions to extend beyond 45 days are granted only for "extraordinary circumstances." U.S. VET. APP. R. 26(b). The Veterans Court considered the medical evidence that Mr. Chullin submitted and found that it did not rise to the level of extraordinary circumstances warranting yet another extension. We find no error in that conclusion.

If Mr. Chullin is instead arguing that the Veterans Court should have permitted his untimely appeal due to his medical condition, that argument also fails. Generally, a notice of appeal must be filed with the Veterans Court within 120 days after the Board mails notice of a decision. 38 U.S.C. § 7266(a). The deadline is not jurisdictional, *Henderson v. Shinseki*, 562 U.S. 428, 441–42 (2011), and if a claimant files a motion for reconsideration, a new 120-day period to file a notice of appeal begins after the Board issues its decision on the motion. *Graves v. Principi*, 294 F.3d 1350, 1352 (Fed. Cir. 2002); *Linville v. West*, 165 F.3d 1382, 1385 (Fed. Cir. 1999). For timeliness purposes, a motion to vacate is considered the equivalent of a motion for reconsideration. *Harms v. Nicholson*, 489 F.3d 1377, 1379 (Fed. Cir. 2007). Here, the Board issued its decision on April 16, 2014, and Mr. Chullin filed a motion to vacate on May 3, 2014—within the 120-day deadline. The Board issued its denial of that motion on August 12, 2014, such that Mr. Chullin was required to file any further notice of appeal by December 10, 2014. Instead, Mr. Chullin filed a motion for reconsideration on January 27, 2015. The Veterans Court, reviewing all available medical evidence, concluded that equitable tolling was not justified to extend the 120-day deadline. This court does not have jurisdiction to review the Veterans Court's application of the equitable tolling standard to the particular facts of this case. *Dixon v. Shinseki*, 741 F.3d 1367, 1377 (Fed. Cir. 2014) ("This court is precluded from reviewing factual determinations bearing on a veteran's equitable tolling claim.").

The remainder of Mr. Chullin's informal brief and his reply attempt to relitigate the underlying merits of his anxiety rating and benefits determination. Given Mr. Chullin's failure to timely appeal the Board's decision to the Veterans Court, those issues are not properly before this court.

CONCLUSION

After full review of the record and careful consideration, we find no error in the Veterans Court's decision to dismiss Mr. Chullin's appeal. Accordingly, we affirm.

**AFFIRMED**