# United States Court of Appeals for the Federal Circuit

---

**JAMES K. YOUNG,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1833

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-5136, Judge Joseph L. Toth.

---

Decided: January 13, 2026

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by KENNETH M. CARPENTER.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, YAAKOV ROTH; MATTHEW ALBANESE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before TARANTO, BRYSON, and CUNNINGHAM, *Circuit Judges.*

TARANTO, *Circuit Judge.*

James Young served in the military in the mid-1980s. In 1988, as a veteran, he applied to what soon became the Department of Veterans Affairs (VA) for service-connected-disability benefits, *see* 38 U.S.C. §§ 1110, 1131, based on asserted head injuries suffered in a car accident during service. In 1999, VA's Board of Veterans' Appeals (Board) denied the claim. More than two decades later, Mr. Young moved the Board to vacate its 1999 decision pursuant to 38 C.F.R. § 20.1000(a), alleging that he had been denied due process. The Board denied the motion, and Mr. Young appealed to the Court of Appeals for Veterans Claims (Veterans Court). The Veterans Court dismissed the appeal, reasoning that (1) the appeal was untimely insofar as it sought review of the 1999 Board decision, and (2) although the appeal was timely as to the vacatur denial, that denial was not an appealable decision. *See Young v. McDonough*, No. 23-5136, 2024 WL 706809, at *1–2 (Vet. App. Feb. 21, 2024) (*Decision*).

Mr. Young appeals to this court, challenging the Veterans Court's second rationale. He argues that the Board's denial of a motion to vacate under section 20.1000(a) is appealable to the Veterans Court. We conclude otherwise and therefore affirm the Veterans Court's dismissal.

## I

## A

After Mr. Young filed his head-injuries claim in 1988, the relevant regional office (RO) of VA denied the claim in 1991, and he appealed to the Board. Several years of Board proceedings followed the RO's 1991 claim denial. In 1997, the Board ordered that Mr. Young undergo a medical examination by VA. *See* J.A. 12. On two occasions, according

to Mr. Young's present allegations (which we may assume to be true for our purposes here), the Board directed the RO to search for certain records indicating that Mr. Young's injuries were incurred in the line of duty, but the RO did not do so, and Mr. Young told the Board of that noncompliance with its order in June 1999. *See* J.A. 14–15. In July 1999, the Board, without commenting on Mr. Young's allegation of RO noncompliance, issued a final decision that denied Mr. Young's claim because he had failed to appear for two scheduled VA examinations ordered by the Board. J.A. 10–13; *see* 38 C.F.R. § 3.655(b) (1998). Mr. Young did not appeal that Board decision.

According to Mr. Young, he later filed a disability claim for his head injuries (seemingly in 2012), necessary medical examination(s) occurred, and VA granted the claim in 2017, finding "service connection effective August 17, 2012." J.A. 15.

B

In 2022, Mr. Young, hoping to secure an earlier effective date corresponding to his 1988 claim submission, filed with the Board a motion to vacate its 1999 claim denial pursuant to 38 C.F.R. § 20.1000(a). J.A. 14–15. That provision states in relevant part:

An appellate decision may be vacated by the Board of Veterans' Appeals at any time upon request of the appellant or his or her representative, or on the Board's own motion, on the following grounds:

(a) Denial of due process. Examples of circumstances in which denial of due process of law will be conceded are:

(1) When the appellant was denied his or her right to representation through action or inaction by Department of Veterans Affairs or Board of Veterans' Appeals personnel,

> (2) When there was a prejudicial failure to afford the appellant a personal hearing. (Where there was a failure to honor a request for a hearing and a hearing is subsequently scheduled, but the appellant fails to appear, the decision will not be vacated.), and

> (3) For a legacy appeal, as defined in § 19.2 of this chapter, when a Statement of the Case or required Supplemental Statement of the Case was not provided.

38 C.F.R. § 20.1000. Section 20.1000(b), not at issue here, permits vacatur of the allowance of benefits for fraud on the Board. *See id.*

Mr. Young invoked only the due-process basis of section 20.1000(a) for his motion. He asserted that the Board in 1999 had denied him due process by failing to ensure that the RO complied with the Board's orders to search for records. J.A. 14. On May 1, 2023, the Board denied Mr. Young's motion because the asserted error was "a duty to assist error rather than a due process error." J.A. 16.[1]

C

Mr. Young filed a notice of appeal to the Veterans Court 119 days later, on August 28, 2023. *Decision*, at *1; J.A. 18. The Veterans Court's jurisdictional statute, 38

---

[1]    The Veterans Court characterized the denial as the Board *Chairman's* action, *e.g.*, *Decision*, at *1, even though the denial is signed by a Veterans Law Judge who was not the Chairman, J.A. 16–17, and section 20.1000 gives the Board the specified authority. The parties before us characterize the denial as the action of the Board, Young's Opening Br. at 2; Secretary's Br. at 2–3, and neither party suggests that the Board/Chairman distinction matters in this appeal. We refer to the ruling as the Board's.

U.S.C. § 7252, provides for "exclusive jurisdiction to review decisions of the Board" subject to a 120-day time bar found in 38 U.S.C. § 7266(a). The Secretary moved to dismiss, arguing that (1) Mr. Young's appeal was untimely to the extent he was appealing the 1999 Board decision and (2) the Board's denial of vacatur was not itself an appealable decision, citing for the latter proposition the Veterans Court's decision in *Harms v. Nicholson*, 20 Vet. App. 238, 240 (2006) (en banc) (*Harms CAVC*), *affirmed*, 489 F.3d 1377 (Fed. Cir. 2007). J.A. 19–22. Mr. Young opposed dismissal, clarifying that he "did not and [was] not appealing the . . . 1999 decision." J.A. 37. Rather, he contended that the Board's denial of his section 20.1000(a) motion was an appealable decision. J.A. 36–37.

The Veterans Court granted the Secretary's motion to dismiss. The appeal of the denial of the motion to vacate was within the 120 days allowed by the appeal statute, so the only issue was whether that denial was an appealable decision. The Veterans Court held that it was not. It reasoned that "[a] 'decision' of the Board, for purposes of [the Veterans Court's] jurisdiction, is a decision with respect to the benefit sought by the veteran"—and that a denial of a (mere) motion to vacate makes no such decision about the benefit sought and is therefore not an appealable decision. *Decision*, at *2 (citation omitted). The Veterans Court further observed that "to permit the appeal of a denial of a motion to vacate—a procedural ruling—24 years after the underlying Board decision . . . 'would render meaningless the 120-day statutory period for filing appeals.'" *Id.* (quoting *Harms CAVC*, 20 Vet. App. at 243).

Mr. Young timely appealed the Veterans Court's dismissal. We have jurisdiction under 38 U.S.C. § 7292(a), (c).

## II

Mr. Young challenges a legal ruling by the Veterans Court and therefore presents a question within our jurisdiction under 38 U.S.C. § 7292(d)(2). Mr. Young contends

that, contrary to the Veterans Court's conclusion, the Board's denial of a motion to vacate under section 20.1000(a) is a "decision" of the Board reviewable by the Veterans Court under 38 U.S.C § 7252. We answer such legal questions de novo. *Flores-Vazquez v. McDonough*, 996 F.3d 1321, 1325 (Fed. Cir. 2021). Mr. Young's argument, we conclude, is foreclosed by controlling precedent, which Mr. Young has not persuasively shown to merit a narrow reading so as to distinguish this case based on the legal authorities he invokes.

A

In *Harms v. Nicholson*, 489 F.3d 1377 (Fed. Cir. 2007) (*Harms CAFC*), this court affirmed the Veterans Court's dismissal of an appeal from the Board's denial of a motion to vacate filed under 38 C.F.R. § 20.904(a) (2005)—which was later recodified without material change as section 20.1000(a). In *Harms CAFC*, the court reached that result by applying the reasoning of the Supreme Court's decision in *Interstate Commerce Commission v. Brotherhood of Locomotive Engineers*, 482 U.S. 270 (1987). *Harms CAFC*, 489 F.3d at 1379. Those decisions control the present case.

*Locomotive Engineers* involved an unsuccessful challenge by several labor unions to the Interstate Commerce Commission's approval of certain railroad mergers. 482 U.S. at 273–74. The unions moved for reconsideration of that decision pursuant to a statutory provision that authorized the Commission "at any time" to "reopen and reconsider" a decision because of "material error, new evidence, or substantially changed circumstances." *See id.* at 276–78; 49 U.S.C. § 10327(g)(1) (1978). In particular, the unions invoked only the "material error" ground, alleging that the Commission's original decision was legally (and materially) erroneous. *See Locomotive Engineers*, 482 U.S. at 276, 278–79. The Commission denied reconsideration, and the unions appealed to the D.C. Circuit. *Id.* A statute imposed a 60-day deadline for bringing appeals from a "final

order" of the Commission; the unions' appeal was brought within 60 days of the Commission's denial of reconsideration, but more than 60 days after the Commission's original decision. *Id.* at 276–77. The D.C. Circuit concluded that the appeal could be heard. *See id.* at 276.

The Supreme Court disagreed, ruling (as relevant here) that the Commission's denial of the motion to reopen and reconsider was unreviewable. *Id.* at 277–80. The Court explained that "where no new data but only 'material error' has been put forward as the basis for reopening, an appeal places before the courts precisely the same substance that could have been brought there by appeal from the original order" and "judicial review would serve only the peculiar purpose of extending indefinitely the time within which *seriously* mistaken agency orders can be judicially overturned." *Id.* at 279–280 (emphasis in original). The Court distinguished the other reopening grounds specified in the reopening statute, concluding that where reopening is sought "on the basis of new evidence or changed circumstances[,] review is available." *Id.* at 284.

The Veterans Court in *Harms CAVC* applied *Locomotive Engineers* to what is now section 20.1000(a). 20 Vet. App. at 243–44. *Harms CAVC* concerned a veteran's motion to vacate made more than 120 days after an unfavorable Board decision. *Id.* at 240–41. The motion alleged that the Board had denied him due process and erroneously required certain evidence. *See Harms CAFC*, 489 F.3d at 1378. When the Board denied the motion to vacate, the veteran appealed within about a month. *Harms CAVC*, 20 Vet. App. at 241. He sought review of both the denial and the underlying merits decision, arguing that "a decision on a motion to vacate is a final Board decision" reviewable under 38 U.S.C. § 7252. *Id.* The Veterans Court disagreed, and dismissed the appeal, reasoning that the appeal from the underlying Board decision was untimely and that the Board's denial of the motion to vacate was not appealable, as it was "not substantively distinguishable" from the

unappealable denial of reconsideration in *Locomotive Engineers*. *Id.* at 244 (citation omitted).

The veteran appealed, and we affirmed. *Harms CAFC*, 489 F.3d at 1377. We held that a mere denial of a motion to vacate under what is now section 20.1000(a)—which does not even purport to delay the finality of the underlying decision—does not constitute "a new Board decision on the merits of the original claims" and therefore is not itself appealable. *See id.* at 1378–79. And we agreed with the Veterans Court's application of *Locomotive Engineers* to such a denial, lest an essentially procedural mechanism "open an avenue to perpetual review of Board decisions." *Id.* at 1379; *see id.* (citing *Locomotive Engineers*, 482 U.S. at 280–81).

This case comes within the rule of *Harms CAFC* that the Board's denial of a motion to vacate under section 20.1000(a) is not itself reviewable. Mr. Young's motion to vacate was predicated entirely on an allegation known to the Board in 1999 (the RO's purported failure to search for certain records). There is no plausible argument here—if there ever could be under section 20.1000(a)—that the motion rests on "new evidence" or "changed circumstances" so as to put the case outside the reach of *Locomotive Engineers* and, by extension, *Harms CAFC*. *See Locomotive Engineers*, 482 U.S. at 284. Moreover, the veteran in *Harms CAFC* waited only about a year to move the Board to vacate its merits decision, while Mr. Young waited 23 years. *Compare* 489 F.3d at 1377–78 *with* J.A. 14–15. This case thus highlights the concern about "perpetual review" underlying *Harm CAFC*, 489 F.3d at 1379, and *Locomotive Engineers*, as a belated request like Mr. Young's would likely involve different counsel from the original case, faded memories, or incomplete records, all increasing the risk of waste and error. Finally, a holding of reviewability here would effectively subject the 120-day time bar of 38 U.S.C. § 7266 to a "proviso" that, as to an allegation of due process error, reads: "judicial review may be sought at any time."

*Locomotive Engineers*, 482 U.S. at 279–80.  If that result was unwarranted in *Locomotive Engineers*, where two different statutes provided, respectively, for the appeal deadline and for reopening at any time, *id.* at 277–78, the same conclusion seems to follow *a fortiori* where, as here, the vacatur authority exists only by a regulation—one that does not delay the finality of the underlying decision.

Mr. Young urges us to ignore *Harms CAFC* because, there, the veteran was openly seeking review of both the Board's denial of vacatur and the underlying merits decision whereas Mr. Young is not appealing the Board's 1999 decision.  Young's Opening Br. at 12.  That difference is immaterial.  In *Harms CAFC*, we squarely held that a vacatur denial is not an appealable decision, rejecting the same argument Mr. Young makes here that a "decision to deny the request to vacate is a new final decision."  *Harms CAFC*, 489 F.3d at 1378.  That holding is independent of whether an appeal of the underlying decision would still be timely or whether the veteran has chosen to appeal the underlying decision (in a timely or untimely manner) as well as the vacatur denial.  It makes no sense that the rule of *Harms CAFC* and *Locomotive Engineers*, which precludes indefinite reviewability of challenges available at the time of the underlying decision, *Harms CAFC*, 489 F.3d at 1378–79; *Locomotive Engineers*, 482 U.S. at 278–80, would be subject to evasion by the appellant's simple choice to refrain from pressing an out-of-time appeal of the underlying decision.

B

Mr. Young contends that this case presents a question of first impression because he asks us to interpret the Veterans Court's jurisdictional statute, 38 U.S.C. § 7252, in light of several other statutory and regulatory provisions assertedly not brought to this court's attention in *Harms CAFC*.  Young's Reply Br. at 2–5.  But Mr. Young cites nothing to support the notion that such new arguments are

a basis for a panel to depart from directly on-point precedent—where the precedent is firmly founded on a Supreme Court decision and there has been no intervening change in law. *See Preminger v. Secretary of Veterans Affairs*, 517 F.3d 1299, 1309 (Fed. Cir. 2008) (permitting departure from precedent only after a sufficient intervening change in governing law); *see also Deckers Corp. v. United States*, 752 F.3d 949, 965 (Fed. Cir. 2014). In *Harms CAFC*, we squarely concluded that the Veterans Court had not "misinterpreted its jurisdiction under 38 U.S.C. §§ 7252(a) and 7266(a)," and we affirmed a Veterans Court decision that rejected some of the same arguments about regulatory provisions as those Mr. Young makes to us. 489 F.3d at 1378; *see Harms CAVC*, 20 Vet. App. at 244–45. And even if a panel may properly give a precedent an available narrow reading in light of persuasive new arguments, Mr. Young has not shown that this is a case for such action. The new arguments presented by Mr. Young do not undermine the straightforward application of *Harms CAFC* to this case.

1

Mr. Young primarily relies on 38 U.S.C. § 511(a), which uses the word "decide" to describe actions of the Secretary "affect[ing]" benefits and so, according to Mr. Young, defines the scope of a reviewable "decision" of the Board under the Veterans Court's jurisdictional statute, 38 U.S.C. § 7252(a). Young's Opening Br. at 6–10. The statute itself refutes Mr. Young's argument.

Section 511(a) states:

The Secretary shall *decide* all questions of law and fact necessary to a *decision* by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. *Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed* by

any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphases added). The second sentence of that provision states a general rule of *un*reviewability. Section 511(b) then states exceptions, of which only one is relevant here: "The second sentence of subsection (a) does not apply to— . . . (4) matters covered by chapter 72 of this title," which is the chapter that defines the appellate jurisdiction of the Veterans Court. *Id.* § 511(b)(4).[2]

As a straightforward textual matter, section 511(a) does not affirmatively make a decision reviewable. It sets a default bar on reviewability. Section 511(b) then creates an exception to that bar for, as relevant here, what is made reviewable in chapter 72. Thus, contrary to Mr. Young's assertion, any affirmative grant of reviewability, and its definition, must come from chapter 72, not section 511. The mere fact that a Board action is a "decision" under section 511(a) does not make it reviewable by the Veterans Court. Indeed, Mr. Young's contrary conclusion makes nonsense of the structure of section 511 and makes subsection (b)(4) surplusage.

Mr. Young gets no more help from 38 U.S.C. § 7104(a). *See* Young's Opening Br. at 8–10. Section 7104(a) states that the "[f]inal decisions" in matters "which under section 511(a) . . . [are] subject to decision by the Secretary" shall be made by the Board. 38 U.S.C. § 7104(a). That language says no more than that, for any "decision" (by the Secretary) covered by section 511(a), it is the Board that makes

---

[2]    Chapter 72 of title 38, called "United States Court of Appeals for Veterans Claims," prescribes the jurisdiction and procedures of the Veterans Court, among other things. *See* 38 U.S.C. §§ 7251–7299; Pub. L. No. 105-368, title V, § 512(a)(4)(A), 112 Stat. 3315, 3341 (1998) (enacting chapter heading into law).

the "final decision" (for the Secretary). It does not say that every decision of the Board is a "final decision" for purposes of Veterans Court review. By its reference to section 511, it leaves the latter issue to chapter 72.

As to what chapter 72 means, our precedents point to a narrower understanding of what is required for a "decision" to be reviewable by the Veterans Court than Mr. Young urges. We have repeatedly said that "[a] 'decision' of the Board, for purposes of the Veterans Court's jurisdiction under [38 U.S.C. § 7252], is the decision with respect to the benefit sought by the veteran [where] benefits are either granted . . . or they are denied." *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000); *accord Mote v. Wilkie*, 976 F.3d 1337, 1341–42 (Fed. Cir. 2020) (collecting cases); *see May v. McDonough*, 61 F.4th 963, 965–66 (Fed. Cir. 2023). The Veterans Court has consistently applied that gloss to § 7252. *See Dojaquez v. McDonough*, 35 Vet. App. 423, 428–431 (2022) (discussing doctrinal developments and collecting cases). Even were we free to do so, Mr. Young offers no compelling reason that we ought to depart from that longstanding interpretation.

2

Mr. Young further argues that the unreviewability of vacatur denials under section 20.1000(a) is inconsistent with the reviewability of the Board's decisions on claims of clear and unmistakable error (CUE) and claims for reopening. *See* Young's Opening Br. at 5–6, 12; Young's Reply Br. at 6–7. We see no such inconsistency—or tension that would justify excluding this case from the reach of *Harms CAFC*.

First, we see no such disharmony with the reviewability of CUE claims. The law authorizing revision of benefits decisions for clear and unmistakable error says, "chapter 72 of title 38 . . . *shall apply* with respect to *any decision* of the [Board] on a [CUE] claim." Pub. L. No. 105-111 § 1(c)(2), 111 Stat. 2271, 2272 (1997) (emphases added); 38

U.S.C. § 7251 (note). That clear, targeted expression of Congress's will to make judicial review available for "any" decision on a CUE claim has no counterpart for decisions on a motion to vacate under the regulation at issue here, section 20.1000.

CUE claims also differ relevantly in their substance from the claim at issue here. Under the long-established standard, a CUE challenge is a contention that the bottom-line result of the challenged benefits decision was wrong because it must be shown that correction of the asserted error "would have manifestly changed the outcome." *Smith v. McDonough*, 101 F.4th 1375, 1379–81 (Fed. Cir. 2024) (quoting 38 C.F.R. § 20.1403(c)); *see, e.g., Russell v. Principi*, 3 Vet. App. 310, 313 (1992) (en banc). Relatedly, the provisions governing CUE use mandatory language that require the outcome to be changed when CUE is established; the provisions are not mere authorizations, and they do not use the language of "may." *See* 38 U.S.C. §§ 5109A, 7111; 38 C.F.R. § 3.105(a) (as quoted in *Russell*, 3 Vet. App. at 313). CUE claims thus fit the *Maggitt* formulation regarding "decisions" in a way that motions to vacate under section 20.1000(a) do not.

Second, the long-recognized reviewability of denials of reopening under 38 C.F.R. § 3.156, *see Elkins v. West*, 12 Vet. App. 209, 215–18 (1999) (en banc) (affording clear error review), is similarly consistent with the unreviewability of denials of motions to vacate under section 20.1000(a). Like the CUE provisions, the statutes governing claims for reopening and supplemental claims use mandatory (not "may") language, thus requiring the requested action when the standards are met. *See* 38 U.S.C. § 5108; 38 U.S.C. § 5108 (2016). Additionally, the reopening regulation, 38 C.F.R. § 3.156, like the supplemental claim procedure of 38 C.F.R. § 3.2501 that has largely succeeded it, necessarily involves "new" evidence. 38 C.F.R. § 3.156(a) (requiring "new and material" evidence); *id.* § 3.2501(a) (for supplemental claims, "new and relevant" evidence). In that way,

reopening and supplemental claims are unlike the present motion to vacate and the reconsideration motion in *Locomotive Engineers*, both of which involved an allegation of material error that could have been asserted at the time of the original decision. That difference mattered in *Locomotive Engineers*, which, as discussed above, recognized the reviewability of a reopening motion premised on new evidence. 482 U.S. at 284; *see id.* at 279 ("If review of denial to reopen for new evidence . . . is unavailable, the petitioner will have been deprived of all opportunity for judicial consideration . . . of facts which, through no fault of his own, the original proceeding did not contain."). And because of the requirement of "new and material" (or "new and relevant") evidence, reopening decisions directly call into question the substance of the Board's original benefits grant or denial, providing a closer fit with the *Maggitt* standard for "decision" than do claims under section 20.1000(a), with their focus on process defects.

In view of these differences between the vacatur procedure at issue here and the other reconsideration mechanisms invoked by Mr. Young, reviewability of decisions made through those mechanisms does not readily imply reviewability of a denial of a motion to vacate under section 20.1000(a). We thus see no reason to depart from the natural understanding of *Harms CAFC* as governing the present case.

### III

We have considered Mr. Young's remaining arguments and find them unpersuasive. Accordingly, we affirm the decision of the Veterans Court.

The parties shall bear their own costs.

**AFFIRMED**