# United States Court of Appeals for the Federal Circuit

---

**FRANK MAY, III,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1803

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-874, Chief Judge Margaret C. Bartley.

---

Decided: March 6, 2023

---

FRANK MAY, III, Muskegon Heights, MI, pro se.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, LOURIE, and PROST, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* PROST.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

PROST, *Circuit Judge*.

Frank May, III, appeals the decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal for lack of jurisdiction. Because the Board of Veterans' Appeals ("Board") never issued a decision from which Mr. May could appeal, we affirm.

BACKGROUND

Mr. May is a helpless child of a deceased veteran. SAppx2.[1] The Department of Veterans Affairs ("VA") granted Mr. May entitlement to dependency and indemnity compensation ("DIC") benefits on October 18, 2018, with an effective date of May 18, 2016. SAppx7. In the same decision, the VA concluded that Mr. May's entitlement to DIC benefits ended on February 1, 2017, when he married Juanita Johnson. Mr. May now seeks a reinstatement of DIC benefits based on his divorce from Ms. Johnson on September 20, 2018.[2] Appellant's Informal Br. 4; SAppx2.

Mr. May filed a notice of appeal to the Veterans Court on February 4, 2021, listing the date of the Board's decision as February 19, 2019. SAppx4. But the Board had not

---

[1]    "SAppx" refers to the government's supplemental appendix.

[2]    *See* 38 U.S.C. § 103(e) ("The marriage of a child of a veteran shall not bar recognition of such child as the child of the veteran for benefit purposes if the marriage is void, or has been annulled by a court with basic authority to render annulment decrees unless the Secretary determines that the annulment was secured through fraud by either party or collusion.").

rendered a decision on February 19, 2019; rather, Mr. May had received correspondence that day from a VA regional office certifying an appeal *to* the Board. SAppx6. Accordingly, the Secretary moved to dismiss Mr. May's appeal, arguing that the Veterans Court's jurisdiction is limited to appeals from Board decisions. *See* SAppx2.

On May 19, 2021, the Veterans Court ordered Mr. May to show cause why his appeal should not be dismissed. *Id.* In a series of letters to the Veterans Court between May 27, 2021, and June 11, 2021, Mr. May asked that his appeal not be dismissed and that, instead, his DIC benefits be reinstated because of his divorce. *Id.* Mr. May did not identify a Board decision from which he was appealing, nor did he argue that the Board had unreasonably delayed in rendering its decision.

On February 17, 2022, the Veterans Court dismissed Mr. May's appeal for lack of jurisdiction. SAppx3. The court explained that its jurisdiction is limited to appeals from Board decisions and that, absent such a decision, it could not consider Mr. May's appeal. SAppx2–3 (citing 38 U.S.C. §§ 7252(a) and 7266(a)). Because Mr. May had not identified any Board decision, the court concluded that it must dismiss his appeal. SAppx3. Mr. May sought reconsideration, again urging reinstatement of his DIC benefits because of his divorce, and the Veterans Court denied reconsideration on April 26, 2022. SAppx1.

Mr. May's appeal to this court followed.

## DISCUSSION

In appeals from the Veterans Court, we "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. May asks that we "give consideration that [he] was granted by the [VA] 'Permanent incapacity for self-support . . . established May 18, 2018.'" Appellant's Informal Br. 4. He seeks reconsideration of the Veterans Court's decision dismissing his appeal but articulates no basis for doing so.

## A

The Veterans Court's jurisdiction is limited by statute. It has "exclusive jurisdiction to review *decisions* of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a) (emphasis added). And § 7266, which governs notices of appeal to the Veterans Court, assumes that the Board has rendered a decision. *See* 38 U.S.C. § 7266(a).

Everyone agrees that no Board decision exists here. Accordingly, the Veterans Court was right to dismiss Mr. May's appeal because it lacks jurisdiction over it.

As best we can tell, this entire case arises because Mr. May made a mistake. Statements in Mr. May's correspondence to the Veterans Court urging it to reconsider its dismissal imply that Mr. May misunderstood the distinction between the Board of Veterans' Appeals and the Court of Appeals for Veterans Claims. If that is indeed what happened, it is an understandable error for a nonlawyer to make. We think it would be helpful to clarify to Mr. May that no court has said that his benefits cannot be reinstated; he may still make his arguments, he just needs to make them to the right people. His request for reinstatement of DIC benefits must be made to the Board of Veterans' Appeals, not the Court of Appeals for Veterans Claims. Once the Board decides his case, if it decides against Mr. May, *then* he can appeal to the Veterans Court.

## B

The dissent would hold that the Veterans Court has jurisdiction on direct appeal to review the reasonableness of the VA's administrative delay in issuing a Board decision and would vacate and remand this case for the Veterans

Court to do that. Such a holding would represent a marked departure from our jurisprudence and would not comport with the governing statutory provisions cited above that limit the Veterans Court's jurisdiction to review of Board *decisions*.

The dissent relies on 38 U.S.C. § 7261(a)(2). But § 7261 defines the Veterans Court's scope of review. *See* 38 U.S.C. § 7261 (titled "Scope of Review"). Particularly when read in light of § 7252 (which is titled "Jurisdiction; finality of decisions"), the provision only applies when the Veterans Court otherwise has jurisdiction—it does not independently confer jurisdiction.[3] *See Mayer v. Brown*, 37 F.3d 618, 620 (Fed. Cir. 1994) ("Section 7261 merely sets out the scope of the review to be conducted by the [Veterans Court] in cases within its jurisdiction; it does not itself create jurisdiction in the [Veterans Court]."), *overruled on other grounds by Bailey v. West*, 160 F.3d 1360, 1368 (Fed. Cir. 1998). This is not to say that Mr. May was without recourse to resolve any unreasonable delay. For example, he could have filed a petition for a writ of mandamus challenging any Board delay. *See, e.g.*, *Martin*, 891 F.3d 1338. The Veterans Court would have then been empowered, under the All Writs Act, 28 U.S.C. § 1651(a), to issue

---

[3]    We have observed that § 7261(a)(2), which permits the Veterans Court to "compel action of the Secretary unlawfully withheld or unreasonably delayed," is based on a similar scope-of-review provision in the Administrative Procedure Act. *Martin v. O'Rourke*, 891 F.3d 1338, 1343 (Fed. Cir. 2018) (citing 5 U.S.C. § 706(1)). And, as the D.C. Circuit observed in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), the Administrative Procedure Act "unquestionably does not confer an independent grant of jurisdiction." *Id.* at 77–78 (discussing 5 U.S.C. § 706(1), and citing *Califano v. Sanders*, 430 U.S. 99, 107 (1977)).

a writ to "protect its *future jurisdiction.*"  *See Martin,* 891 F.3d at 1343 (emphasis added) (cleaned up).  Instead, he filed a direct appeal rather than a petition for a writ of mandamus[4] and never argued (or even hinted) that the two years that had elapsed since the RO certified his appeal constituted an unreasonable delay.  Under these circumstances, it would be improper to examine administrative delay, particularly when, because Mr. May didn't argue that the Board unreasonably delayed in issuing a decision, the Secretary never had an opportunity to address it.

If a pro se appellant files a direct appeal without waiting for a final Board decision *and argues that the Board has unreasonably delayed in issuing a decision*, we cannot say that it would not be appropriate, in some circumstances, for the Veterans Court to construe the appeal as a petition for a writ of mandamus and proceed accordingly.  But we are not presented with that issue because that is not what happened here: Mr. May's appeal to both the Veterans Court and to this court addressed only the merits.  We cannot, therefore, fault the Veterans Court for adhering to the statutory limits of its jurisdiction and dismissing Mr. May's appeal.

## CONCLUSION

We have considered Mr. May's remaining arguments and find them unpersuasive.  For the reasons set forth above, we affirm the Veterans Court's dismissal of Mr. May's appeal.

## **AFFIRMED**

### COSTS

No costs.

---

[4]    This is merely an observation.  It is not a criticism, as the dissent characterizes it.  *See* Dissent 6.

# United States Court of Appeals for the Federal Circuit

---

**FRANK MAY, III,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1803

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-874, Chief Judge Margaret C. Bartley.

---

NEWMAN, *Circuit Judge*, dissenting.

The question before us is whether the Court of Appeals for Veterans Claims (the "Veterans Court") has jurisdiction to consider this appeal from the decision of a Department of Veterans Affairs ("VA") regional office. Appellant Frank May, III, filed a timely appeal to the Board of Veterans' Appeals (the "Board"), and after two years of inaction he filed an appeal to the Veterans Court. That court held it does not have jurisdiction "[b]ecause the Board did not

issue a final decision," and dismissed the appeal.[1] However, 38 U.S.C. § 7261(a)(2) authorizes the Veterans Court to "compel action of the Secretary unlawfully withheld or unreasonably delayed." Such authority is jurisdictional, for "a tribunal's 'power to hear a case' [is] a matter that 'can never be forfeited or waived.'" *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). From my colleagues' ruling that the Veterans Court lacks jurisdiction of this appeal, I respectfully dissent.

## DISCUSSION

Frank May, III is the disabled child of a deceased veteran. The VA regional office found that May was disabled from birth, with "permanent incapacity for self-support," and he received a rating decision granting dependency and indemnity compensation (DIC) effective May 18, 2016.

DIC is not available to married children of veterans. *See* 38 U.S.C. § 101(4)(A). May was married on February 14, 2017, and divorced on September 20, 2018. The VA terminated his DIC as of February 1, 2017. After the divorce he requested reinstatement of the DIC. The Veterans Act contains provisions pertaining to marriage of a veteran's child, including:

> 38 U.S.C. § 103 **Special provisions relating to marriages—**
>
> ***
>
> **(e)** The marriage of a child of a veteran shall not bar recognition of such child as the child of the veteran for benefit purposes if the marriage is void, or

---

[1]    *May v. McDonough*, No. 21-874, 2022 WL 484328 (Vet. App. Mar. 11, 2022) ("Vet. Ct. Order").

has been annulled by a court with basic authority to render annulment decrees unless the Secretary determines that the annulment was secured through fraud by either party or collusion.

The regulations include:

> 38 C.F.R. § 3.55 **Reinstatement of benefits eligibility based upon terminated marital relationships—**
>
> ***
>
> **(b)(1)** Marriage of a child shall not bar the furnishing of benefits to or on account of such child, if the marriage:
>
> > **(i)** Was void, or
>
> > **(ii)** Has been annulled . . . .

The regional office did not reinstate May's DIC, and he appealed to the Board. Actions of a regional office are subject to review by the Board, in accordance with 38 U.S.C. § 7104:

> 38 U.S.C. § 7104 **Jurisdiction of the Board; decisions; notice—**
>
> **(a)** All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board. Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation.

The record contains a letter to May, signed "Regional Office Director" and dated February 19, 2019, stating:

> We have certified your appeal to the Board of Veterans' Appeals (Board) in Washington, D.C.

SAppx6.[2]

The Board did not act on May's appeal, and on February 4, 2021, he filed an appeal to the Veterans Court. On the government's motion, the Veterans Court dismissed May's appeal, stating:

> Absent a final Board decision, the Court lacks jurisdiction to consider an appeal. . . . Because the Board did not issue a final decision involving Mr. May on February 19, 2019, the Court will dismiss the instant appeal. If and when a final Board decision is issued, any matter determined in such a decision that is adverse to Mr. May may be appealed to this Court.

Vet. Ct. Order, at 1.

This appeal followed. May states that he filed a timely appeal to the Board and has received no action. He states that he meets the requirements for reinstatement of his DIC and requests judicial relief. The government states that the Veterans Court correctly dismissed the appeal for lack of jurisdiction.

### *Jurisdiction of the Veterans Court*

Jurisdiction is "a tribunal's 'power to hear a case,' a matter that 'can never be forfeited or waived.'" *Union Pac. R.R. Co.*, 558 U.S. at 81 (quoting *Arbaugh*, 546 U.S. at 514). The legislative plan for veterans' compensation claims is that the Board shall review decisions of a VA regional office, before appeal is taken to the Veterans Court:

---

[2]    SAppx refers to the Supplemental Appendix filed by the government.

38 U.S.C. § 7266  **Notice of appeal—**

**(a)**  In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is issued pursuant to section 7104(e) of this title.

The statute also authorizes the Veterans Court to "compel action of the Secretary" in certain circumstances:

38 U.S.C. § 7261  **Scope of Review—**

**(a)**  In any action brought under this chapter, the Court of Appeals for Veterans Claims, to the extent necessary to its decision and when presented, shall—

> **(1)**  decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary;

> **(2)**  compel action of the Secretary unlawfully withheld or unreasonably delayed;

The grant of the power to "compel action of the Secretary" in situations of unreasonable delay was added by the Veterans' Benefits Amendments of 1989, Pub. L. No. 101-237, § 602, 103 Stat. 2061, 2095, following a legislative hearing in which it was reported that the average time for decision by the Board was about fourteen months, and that approximately twenty percent of Board decisions took nearly one-and-a-half years. *Hearing on Oversight of the Board of Veterans' Appeals: Hearing Before the Senate Comm. on Veterans' Affairs*, 100th Cong. 9–10 (1988) (statement of Kenneth E. Eaton, Chairman of the Board).

6                                             MAY v. MCDONOUGH

38 U.S.C. § 7261(a)(2) authorizes the Veterans Court to compel agency action when action is unreasonably delayed. Such power is premised on the court's jurisdiction lest the court's authority "be defeated by an agency that fails to resolve disputes." *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 76 (D.C. Cir. 1984).

The government cites decisions denying Veterans Court jurisdiction in the absence of a Board final decision, *viz*, *Breeden v. Principi*, 17 Vet. App. 475, 477 (2004) ("Our jurisdiction is limited to appeals from final decisions of the Board."); *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000) (The party seeking judicial relief must "present a request for a benefit to the Board, then receive a decision on that request."). However, § 7261(a)(2) assigns authority to the Veterans Court to assure timely action by the VA.

The panel majority states that "this entire case arises because Mr. May made a mistake" and "misunderstood the distinction between the Board of Veterans' Appeals and the Court of Appeals for Veterans Claims." Maj. Op. at 4. That is contrary to the record. The government agrees that May filed a timely appeal to the Board of Veterans' Appeals. Only after two years of Board inaction did he seek the attention of the Veterans Court.

The majority also criticizes the form of May's action in the Veterans Court, stating that he "filed a direct appeal rather than a petition for a writ of mandamus." Maj. Op. at 6. It is accurate that May did not caption his appeal as a petition for writ of mandamus. Although "an appellate court may sometimes elect to treat an attempted appeal as if it were a petition for a writ of mandamus," *United States v. Bertoli*, 994 F.2d 1002, 1014 (3d Cir. 1993), neither the Veterans Court nor this court made that election, which could have resolved May's situation. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (when interpreting the jurisdictional scope of final decisions under

28 U.S.C. § 1291, courts should employ a "practical" rather than "technical" approach).

The mandamus process has been invoked, lest judicial review be thwarted if the reviewable agency fails to act. *See Fed. Trade Comm'n v. Dean Foods Co.*, 384 U.S. 597, 603 (1966). The panel majority acknowledges that the Veterans Court could have treated this appeal as a petition for a writ of mandamus. A focus of mandamus is to ensure justice is done and that government officers do their duties. It is especially important to avoid allowing formalism to defeat justice when litigants are unrepresented.

The panel majority states that May never complained about delay. Maj. Op. at 5–6. That is incorrect, for both May and the Veterans Court refer to the regional office's letter dated February 19, 2019, in his appeal to the Veterans Court filed in February 2021.

May waited two years before appealing to the Veterans Court, seeking action on his request for DIC reinstatement.[3] It is undisputed that the Veterans Court has jurisdiction over mandamus petitions related to delay in Board actions. When the Veterans Court was established by the Veterans' Judicial Review Act of 1988,[4] the goal was for "each individual veteran to receive from the Government every benefit and service to which he or she may be entitled under law." *Hearing on Judicial Review Legislation, Before S. Comm. on Veterans' Affairs,* 100th Cong. 2 (1988) (statement of Sen. Alan Cranston).

There is no jurisdictional bar to the Veterans Court's authority to remedy unreasonable delay, as authorized by § 7261(a)(2). The dismissal for lack of jurisdiction should be reversed, with remand to the Veterans Court for action.

---

[3] Now, four years have elapsed since his appeal to the Board.

[4] Pub. L. 100-687, 102 Stat. 4105.

8                                         MAY v. MCDONOUGH

My colleagues' dismissal leaves Mr. May with no recourse and no remedy.  I respectfully dissent.