NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD JASMIN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2359

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-698, Chief Judge Margaret C. Bartley.

---

Decided: January 14, 2025

---

RICHARD JASMIN, Eldridge, MO, pro se.

STEPHANIE FLEMING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before REYNA, TARANTO, and STARK, *Circuit Judges*.

PER CURIAM.

Richard Jasmin, proceeding pro se, appeals from an order of the Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal for lack of jurisdiction. We affirm.

I

Mr. Jasmin served in the United States Navy from 2003 to 2008. Subsequent to his active service, Mr. Jasmin filed several claims for various types of benefits. The relevant claims and decisions of the Secretary of Veterans Affairs ("Secretary") are noted below.

Most pertinent to this appeal is Mr. Jasmin's filing of a Notice of Appeal ("Notice") in the Veterans Court on February 6, 2023. *See* S. App'x 1.[1] In his Notice, Mr. Jasmin purported to be appealing from a January 10, 2023 decision of the Board of Veterans Appeals ("Board"). *Id.*

The Secretary moved to dismiss Mr. Jasmin's appeal, contending that no January 10, 2023 Board decision exists in relation to Mr. Jasmin. To the contrary, according to the Secretary, the most recent Board decision concerning Mr. Jasmin was issued in October 2022, when the Board addressed claims based on gastroesophageal reflux disease ("GERD") and other gastrointestinal disabilities, including irritable colon disorder. The Secretary reported that Mr. Jasmin's record also contained a January 10, 2023 letter from a Department of Veterans Affairs Regional Office ("RO"), enclosing a January 9, 2023 RO decision reducing Mr. Jasmin's disability rating for psychotic disorder and, consequently, eliminating his eligibility for Total Disability based on Individual Unemployability ("TDIU").

---

[1] "S. App'x." refers to the supplemental appendix filed with the Secretary's brief.

The Veterans Court ordered Mr. Jasmin to show cause as to why his appeal should not be dismissed for lack of jurisdiction, instructing him to provide a copy of the decision he was intending to appeal. Mr. Jasmin's response did not include a copy of any decision, nor did it identify any decision from the Board issued on January 10, 2023. As a result, the Veterans Court determined that Mr. Jasmin "fail[ed] to identify any final adverse Board decision that would be the subject of [its] jurisdiction," because the only Board decision issued on his claims, the October 2022 decision, was neither adverse nor final. S. App'x 3.

Mr. Jasmin timely appealed.

## II

Before us, Mr. Jasmin makes clear that the issue he wishes to appeal is the deprivation of his entitlement to TDIU, which stems from the RO's decision to reduce his rating for psychotic disorder. The problem for Mr. Jasmin is that these determinations were made by the RO, not by the Board, and the Veterans Court only has jurisdiction to review decisions of the Board. *See* 38 U.S.C. § 7252(a) ("[The Veterans Court] shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals.").

A person affected by a decision of the Secretary, including a decision of an RO, may appeal that decision to the Board. *See* 38 C.F.R. § 20.104(a). Before such a person may take an appeal to the Veterans Court, however, he must first "present a request for a benefit to the Board, then receive a decision on that request." *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000). Mr. Jasmin did not do so. Instead, he attempted to appeal the January 2023 decision of the RO, which the Veterans Court lacked jurisdiction to review without an intervening appeal of the RO's decision to the Board. *See* 38 U.S.C. § 7266(a); *see also May v. McDonough*, 61 F.4th 963, 965-66 (Fed. Cir. 2023) (explaining that final decision by Board is generally

required to appeal to Veterans Court).  Thus, the Veterans Court correctly dismissed Mr. Jasmin's appeal.

To the extent Mr. Jasmin wishes to appeal the RO's January 2023 determinations, he must first present them to the Board, which he has not yet done.  If, alternatively, Mr. Jasmin seeks review of the Board's October 2022 decision, the Veterans Court lacks jurisdiction over that decision because it is neither final (since it ordered a remand for further consideration of Mr. Jasmin's claim for irritable colon disorder) nor adverse (as it granted Mr. Jasmin's service connection claim for GERD).

### III

We have considered Mr. Jasmin's remaining arguments and find them unpersuasive.[2]  In particular, we can well understand Mr. Jasmin's frustration at having his 70% disability rating for a psychotic disorder reduced to 10%, and then losing his eligibility for TDIU, based (at least in part) on his failure to appear for a recommended evaluation.  But our sympathy cannot alter the jurisdiction of the Veterans Court.  If Mr. Jasmin wishes to invoke the jurisdiction of the Veterans Court, he must first obtain a final and adverse decision from the Board.  As he did not do so here, the Veterans Court did not err in dismissing his appeal.

For the reasons stated above, we affirm the order of the Veterans Court dismissing Mr. Jasmin's appeal.

**AFFIRMED**

COSTS

No costs.

---

[2] As the Secretary notes, "Mr. Jasmin does not make any specific allegations of fraud but, to the extent he believes it is occurring, he may report these allegations to the Office of the Inspector General."  Gov't Br. at 9 n.2.